THOMAS CLARK, RESPONDENT, *v.* THE EIGHTH AVENUE R. R. Co., APPELLANT.

*Railroad Company—Negligence—Riding on Platform.*

The law requires of those engaged in the carrying of passengers, the exercise of such care on their part, and the part of their servants, as will ensure the safe carriage of such passengers, so far as their safety depends upon the diligence and care of those engaged in such business.

A passenger standing upon the front platform of a street railroad car, because of the crowded condition of the car, and paying his fare at the request of the conductor, is not to be deemed guilty of negligence for occupying such position.

THE Defendant, a railroad corporation, was engaged in 1856 in carrying passengers in cars propelled by horse-power in the streets of New York.

In the fall of that year the Plaintiff went on board of one of the Defendant's cars for the purpose of being carried therein, and, while standing on the step of the front platform of the car, was knocked therefrom by a horse and cart coming in contact with him, by which he received some injury. The cause was tried at the Circuit in New York by jury.

Upon the trial an exception was taken by the Defendant to a refusal of a nonsuit by the Court, and several exceptions taken by the Defendant to the charge of the Judge as given, and to his refusal to charge as requested, which, together with the facts, sufficiently appear in the opinion. The jury rendered a verdict for the Plaintiff, upon which judgment was entered, and after affirmance upon appeal by the General Term the Defendant appealed to this Court.

*A. J. Parker* for Respondent.

*J. W. Ashmead* for Appellant.

GROVER, J.—The Defendant's counsel, at the close of the Plaintiff's case, moved for a nonsuit upon the grounds that the Plaintiff had failed to show that the injury was received without negligence on his part contributing thereto; also that the evidence showed that his negligence did so contribute, and upon the further ground that the evidence failed to show any negligence in the Defendant or its

servants. The negligence alleged against the Plaintiff was that at the time of receiving the injury he was standing on the steps of the front platform of the car; it appearing that he would have escaped the injury had he been either inside of the car or upon the platform.

In the absence of any explanation, I should have no hesitation in saying that this position of the Plaintiff at the time of the injury proved that he was negligent, and that it would have been the duty of the Court to nonsuit. When it appears that a passenger is riding upon a car in a place of hazard or danger, his negligence is primâ facie proved, and the onus is upon him to rebut the presumption. The proof of the Plaintiff in the present case tended to show that the inside of the car was full, and that the platform was full so that no more persons could stand thereon; that in this situation the car was stopped for the Plaintiff to get on; that upon getting on there was no place for him except standing on the steps; that while riding in this situation the conductor called upon him for and received from him his fare. These facts, if true, authorized the jury to find that the Plaintiff had been invited, by those having charge of the car, to ride in that place, and that an implied assurance had been by them given that that was a suitable, safe place for him to ride. Under such a state of facts, I do not think that negligence can fairly be imputed to the Plaintiff for riding in that position. The motion, so far as based upon this ground, was properly denied.

The proof as to Defendant's negligence was, that there was a horse and cart on or near the track, the horse more or less unmanageable, in plain view of the driver of the car, who could have stopped his car in two feet, but did not stop and continued to drive on toward the horse upon a trot until the horse started on toward the car and passed it, bringing either the horse or the cart in collision with the Plaintiff, knocking him from the car on to the pavement, thus producing the injury, the car not stopping until the driver was told that a man had been knocked off. I cannot say as a question of law that this was not negligence. The car must keep on the rails and could not turn off and thus get out

of the way like a common vehicle. Thus situated, to drive up to the immediate vicinity of a fractious horse, not controllable by its driver, attached to a cart, was certainly not so entirely free from danger as to justify a court in withdrawing its consideration from a jury. A minute's further time might have enabled the driver to regain control of the horse, and thus have avoided the injury. The motion for nonsuit was, therefore, properly denied. The Defendant gave evidence conflicting with that of the Plaintiff as to stopping the car and receiving the fare from the Plaintiff, after which he renewed his motion for nonsuit, and upon its denial excepted. As to this exception, it is only necessary to say that the legal question was not at all varied by the Defendant's evidence; it only created a conflict of testimony which was proper to submit to the jury.

The Court among other things charged the jury, that the Defendant and its servants were bound to use great care and caution in carrying the Plaintiff, and if free from negligence himself, and injured from want of great care by the Defendant or its servants, he was entitled to recover. The Defendant excepted to this portion of the charge.

This presents the question as to the degree of care a carrier of persons is bound to exercise. The rule on this subject is so well settled that further discussion or the citation of authorities is deemed superfluous. The law requires from those so engaged the exercise of such care on their part and of their servants as will ensure the safe carriage of their passengers, so far as their safety depends upon the diligence and care of those engaged in such carriage, and makes them responsible for any injury sustained from the omission of such care and diligence. It is not a legal error to call this great care, although the expression is not well calculated to convey to the mind of a jury an accurate idea of what care and diligence is required in the transportation of persons. The charge that, if the injury was the result of the combined negligence of the Defendant and cartman, there being no fault in the Plaintiff, he was entitled to recover, was not erroneous.

If the negligence of the Defendant contributed to the injury, it

is no defence that the negligent act of another contributed thereto, if the injury would not have occurred but for the negligence of the Defendant. The Defendant, it is manifest, is only made responsible for the result of his own wrong. That wrong produced the injury, and although it would not have occurred but for the wrongful act of another, that circumstance furnishes no excuse for the Defendant so far as an injured party is concerned.

The Court further charged that if the Plaintiff was permitted by Defendant's agents to ride on the forward platform of the car (step, meaning), he was guilty of no negligence in being there. To this portion of the charge Defendant's counsel excepted. Were not this portion of the charge modified by a subsequent portion, I think the exception was well taken. It is the duty of the passenger on getting on board of a car to place himself in a safe position therein, if he is able to obtain such position, and it is no excuse for him to place himself in an unsafe one, that the persons in charge know that he is unsafe and do not drive him therefrom, when the unsafety is known to the passenger. That riding upon the steps of a street-car is less safe than a seat inside requires no proof. It is obviously so.

In a subsequent portion of the charge the judge told the jury, that if the Plaintiff made reasonable exertions to get inside of the car and failed to do so, and was permitted by the driver and conductor to remain on the platform, he was not illegally there. I understand this portion of the charge as relating to the facts as claimed by the Plaintiff, that is, that the conductor assented to his riding there, by receiving fare from him therefor when it was impossible for him to get any other place. So understood, it gave a correct view of the law to the jury. I have examined the other exceptions to the charge, and refusals to charge, and come to the conclusion that none of them were well taken and require no discussion.

The judgment appealed from should be affirmed.

All concurred except DAVIES, not voting.

Affirmed.

JOEL TIFFANY,<br>State Reporter.