By the Court:

Jones, J.
In Gonzales v. The ¡New York and Harlem ¡Railroad Company, the Court of Appeals held, that it must be considered as settled that the question of negligence, the facts being uncontroverted, is a question of law for the court.
In the present case the facts relied on as constituting negligence on the part of the plaintiff are uncontroverted. They are that he was seated on the step of the front platform at the time of the occurrence of the accident, and that he voluntarily seated himself there. Does this constitute negligence ? ■
In Clark v. Eighth avenue R.R. Co. (1 Transcript Appeals, p. 105 ; also reported in 36 N. Y., p. 135), the learned judge who delivered the opinion of the court laid down this doctrine: “When it appears that a passenger is riding in a ear in a place of hazard or danger, his negligence is prima facie proved, and the onus is upon him to rebut the presumption.”
Even if this is not to be regarded as an authoritative decision by the Court of Appeals, still it is sound in principle.
A step further, general experience has demonstrated that the front platform of a car is a place of hazard and danger, especially when a person occupies a place thereon, such as the present plain tiff did. Such was the view of the court in Clark v. Eighth ave. R.R., and even if the remarks in the opinion in that case on this *302 subject should be regarded as obiter, yet I think there can be no doubt of their accuracy.
The plaintiff, then, was negligent in occupying the position he did; and that his negligence contributed to the accident, admits of no question.
The complaint therefore was properly dismissed, unless both or one of" two propositions submitted by plaintiff’s counsel are or is correct.
One of these propositions is, that what would constitute negligence in an adult, will not in a boy nine years of age.
The case of Sheridan v. Brooklyn and Newtown Railroad Company, 36 N. Y., cited from page 43, negatives this proposition.
The other proposition is, that the driver, by not stopping when requested, rendered the company hable for any injury that might thereafter happen, although the plaintiff’s own negligence may have contributed thereto.
But not so. Conceding, as intimated in the case of Sheridan v. Brooklyn and Newtown R.R. (cited supra), that said not stopping was an act of negligence on the part of the defendants (concerning which no opinion need now be expressed), or was even a wrongful act, yet it gave no license to the plaintiff to negligently expose himself to danger.. If the act of not stopping caused the plaintiff to occupy the position of danger, then the rule in the case of Clark v. Eighth ave. R.R. Co. would apply. But the evidence clearly shows that the plaintiff’s position on the car was not caused or induced by the act of not stopping the car.
It results that the complaint was properly dismissed.
Two exceptions to refusals to admit testimony remain to be" considered.
There was no error in the refusal to admit evidence of the plaintiff’s statement made in the presence of one of the company. Who this person was, and what his position in the company was, did not appear. It should at least have been preliminarily shown that he occupied such a position, that his statements or admission by silence would bind the company.
*303 Even if there were error, still it is immaterial, for whatever statement the hoy may have made, could not have altered his own testimony as to the facts upon which his negligence was predicated.
So, too, there was no error in refusing to allow the witness Lyon to be called. After plaintiff rests, it is a matter of discretion whether to allow the case to be reopened, and further witnesses called. In the present case that discretion was properly exercised, as the evidence proposed to be given did not bear on the point on which the dismissal proceeded, to wit, the concurring negligence of the plaintiff.
Exceptions overruled, and judgment on the verdict ordered for the defendant, with costs.