By the Court:

Fithian, J.
In the progress of the trial in this case, a witness on the part of the plaintiff testified that when, or at the place where, plaintiff got upon the platform of the car, there was a change of horses, and that the (¡earn there fastened to the car became unmanageable, and so acted as to break or damage the front platform of the car, and render it insufficient to support the weight then and afterward suffered to get upon it. This witness was permitted, under objection from defendants’ counsel, to state that he called the attention of the car driver to this injury, and told him that he “ would have to get a new platform before he could get up, for that one was in a bad condition.” This evidence was excepted to by defendants’ counsel, on the ground that it was the declaration of a third person, for which defendants were in no way responsible. I am of opinion this exception is not well taken. It was certainly proper and material for the plaintiff, if he could, to prove that the platfrom was in a bad and unsafe condition, and that that contributed to the injury. And it was equally proper and material to bring notice of that defect to the defendants’ agent, the driver. True, this statement did not of itself prove the fact of any defect in the platform, but the same witness had before sworn positively to its bad condition. The declaration was proper by way of notice to the company.
By orders of defendants, it was the duty of car conductors, when an accident happened, to make immediate report thereof to *495 the superintendent. The conductor in this case made such report, which was offered in evidence by the defendants and excluded. This ruling was correct. The report was an ex parte declaration made by the defendants, not in the presence or hearing of plaintiff, and to the correctness of which he in no manner acquiesced. Allowing such statements in evidence would he permitting a party litigant to manufacture testimony in his own behalf by his own unsworn and ex parte statements.
The defendants’ counsel, at the conclusion of the charge, requested the justice to charge that if the stone upon the track was of such small size as to escape the observation of the driver, it was not negligence to drive over it. The justice declined to charge in these words, and I think correctly. The court had already charged the jury that if they should find that the plaintiff was thrown from the car in consequence of its running over the stone, and he was not guilty of negligence in standing where he was at the time of the accident, then it was for the jury to say, upon the evidence, whether the defendants exercised all the care that was requisite to carry the plaintiff safely. This in effect left to the jury all questions in respect to the alleged obstruction on the track, whethef there was any such obstruction, and if so, what it was, and how large, and whether it was negligence not to have seen and removed it. The defendants were permitted to obtain, if they could, the verdict of the jury in their favor, not only on the facts, but the conclusion as well. If there was any error in this respect, it was in favor of the defend' ants. If plaintiff had so requested, it would have been the duty of the judge to have charged that, if the jury found the plaintiff was thrown from the car by reason of its running over an obstruction on the track, sufficient to produce the concussion or shock sworn to by plaintiff’s witnesses, the existence of such an obstruction, and colliding with it, was negligence on the part of defendants.
The principal questions discussed on the argument, however, were whether the plaintiff was or not free from negligence on his part, and whether the justice at the trial erred in his charge, *496 and refusals to charge as requested by defendants’ counsel, on this subject. The defendants’ counsel requested the justice to charge, in substance, as follows: 1st. That if the jury should find plaintiff was standing upon the steps of the car at the time of the accident, he could not recover. 2d. If the defendants had knowledge of th^ notice to passengers posted inside the cars, then he could not recover. 3d. It was negligence on the part of the plaintiff if, contrary to the rules of defendants, he stood upon the platform. The justice refused to charge in these respects other than he had already charged. He had and did charge in these respects in various forms of expression, but substantially as follows: “ That the jury must ascertain in what way this company undertook to carry passengers, whether seated inside, or both seated and standing inside only, or whether it undertook to carry inside and out, and on the platform, wherever the passenger could find sitting or standing room.” If the former only, then the company was bound to such care only as was sufficient to prevent an inside passenger from being injured; and in such case, if the ■ jury shall find the accident was not such as to harm an vnside passenger, there was no negligence on the part of defendants sufficient to entitle plaintiff to recover, “ unless the conductor, by the act of' taking fare from the plaintiff, extended the contract of the carrier to the postion in which the plaintiff stood at the time he paid his fare; and that the jury must come to the conclusion that the contract was so extended, in order to justify a verdict for the plaintiff.”
And further the justice charged: “ I shall charge tiffs- proposition to you: H you find that this injury occurred to the plaintiff by reason of his standing upon the front platform, or on the step of the front platform; that it would not have occurred to him if he had not been standing there ; that his standing, there was an act of negligence on his part; and that taking his fare from him while he was standing in that position did not extend to him the same protection which was given to the passengers inside of the car, or, in other words, did not relieve him from the responsibility which would otherwise have rested upon him in conse-: *497 quence of his own negligence in standing where he did, you will have to find a verdict for the defendants. " If, on the other hand, you find that there was no actual negligence on the part of the plaintiff in standing on the front platform, or the steps of the front platform, whichever it was, or, if there was actual negligence, the conductor, hy taking his fare, deprived it of that character, and extended over the plaintiff the same right to protection as was enjoyed hy inside passengers, you will then proceed to inquire whether defendants were guilty of negligence,” &c. And in conclusion, and by way of reiteration, the justice charged: “ I will conclude by again calling your attention to the salient points presented by the testimony, which are: That the defendants are bound to use all the care and prudence which human sagacity and foresight can suggest, for the purpose of preventing injury to their passengers, carried in the way in which they undertake to carry them. That is the first general proposition. The second is to ascertain in what manner the defendants undertook to carry their passengers, whether inside the walls of their cars, or inside of the walls and outside on the platform, indiscriminately. If they only undertook to cany them inside of the walls of their cars, then they are only required to use that prudence and foresight which are necessary to prevent injury to their passengers so inclosed within those walls. If you so find, you will render your verdict for the defendants ; that is, if you find that they used such foresight and prudence as I have mentioned, as the law thus laid down requires from them, to prevent the occurrence of an accident to a passenger inside of the car; unless you also find that the conductor of the car, by taking fare from the plaintiff, standing where he did, cast over him by that act the mjis of the law, giving him the same protection as was given by law to the passengers who were inside of the car. If by that act the conductor did extend to the plaintiff that protection, the defendants were bound to use such care and prudence as human foresight and sagacity could suggest, to prevent such an accident as this from inflicting an injury upon a passenger standing where the plaintiff stood.”
*498 These portions of the charge were excepted to'by defendants’ counsel, and it was contended on the, argument that the justice erred in leaving it to the jury to determine any thing in respect to the character of the contract of passage between plaintiff and defendants, or the act of taking fare by the conductor, and that the justice should have charged as matter of law that standing upon the front platform, or the steps thereof, was of itself negligence on the part of the plaintiff; or if not, then if knowledge of the notice to passengers posted inside the car was brought home to plaintiff, that made it negligence in plaintiff to get on or stand on the front platform.
I am clearly of opinion that if there was any error in the rulings of the justice in these respects, it was an error in favor of the defendants. Questions of negligence being always, when the facts are in dispute, mixed questions of law and fact, it is difficult, in the hurry of a trial at nisiprius, clearly to discriminate between those elements of the question which are purely legal, to be determined by the court, and those which are matters of fact or conclusions of fact, to be determined by the jury. So, in this case, the justice submitted to the jury several matters which I think he should have decided as matters of law, in favor of the plaintiff. The case of Clark v. Eighth Av. R.R. Co. (36 N. Y., 135) is, in most respects, analogous to this case. There the plaintiff stood upon the steps of the front platform, the car being so crowded that he could not procure a safer position. He was permitted to stand there by the driver, and the conductor received his fare while thus standing. The Court of Appeals held that under such circumstances it was not negligence in the plaintiff thus to stand; and having been injured by the fault of the defendant while there, he could recover.So, in the case of Edgerton v. The Harlem R.R. Co. (39 N. Y., 227), the plaintiff took passage and paid fare in a “ caboose ” car, attached to the end of a freight train, concededly not an ordinary passenger car, nor used for carrying passengers, and not as strong or as safe as the cars used exclusively for carrying passengers on the regular passenger trains. The plaintiff was *499 injured while in this “ caboose,” by its being thrown from the track, and partly broken in such a manner as would not , probably have occurred to a stronger and heavier passenger car. It was objected by the company that it was negligence in the plaintiff to take passage in that car; that he had not, therefore, the rights of a passenger, and rode at his peril. The court held otherwise; that, the servants of the company having received the plaintiff in the car and taken his fare, he was entitled to all the rights of a passenger, and the company were bound to carry him as safely as if in their ordinary passenger cars. That is, the company were bound to take such care as that the passenger should by no means sustain injury through any fault or neglect of theirs, and, if he was so injured, négligence could not be imputed to him for being where he was. Applying these principles to the ease at bar, the justice would have been well warranted in charging the jury as matter of law (waiving for the present the question as to the notice posted in the car) that, upon the undisputed facts in the case, it was not negligence in the plaintiff to stand upon the front platform, or the steps / and that, notwithstanding the position of the plaintiff on the car, the company were bound to carry him as safely as any inside passenger; or, in other -words, the company insured him against sustaining any injury from any fault or neglect of theirs. And that is all that is required of them as to an inside passenger. I say, upon the undisputed facts of the case; for it is not questioned by either party that plaintiff was permitted to get and remain on the front platform or steps, that his fare was collected while there, and that the car was - so crowded' that he could not get any safer place. If the justice at the trial had thus ruled, it would have excluded from the consideration of the jury, to the prejudice of the defendants, all question as to plaintiff’s negligence. The defendants, however, were permitted to go to the jury on these questions, and have the eha/nce of a verdict in their favor on them. If that was error, defendants cannot be heard to object.
The remaining question is, whether there was any error, to the *500 prejudice of the defendants, in the refusal of the judge at the trial to charge, as requested, as to the notice to passengers posted inside the car. The justice declined to charge that this notice oi itself, even if known to the plaintiff, rendered the act of getting and standing upon the front platform negligence on the part of the plaintiff. I am of opinion this ruling was correct. The notice contains a mandate and a'prohibition, and neither one expressly includes the act in question here. The mandate is, that “ passengers must get oil and off' the rear platform.” The prohibition is, that they “ must not get on or off when the car is in motion, or stand on the steps.” • This is as much a command to the employes of the. company as to the public j and it will be observed that, while this notice requires passengers to get on and off at the rear, it does not forbid them getting on or off elsewhere, and its phraseology, in confining the prohibition as to standing to the “ steps” alone, is tantamount to an express permission to “ stand” anywhere else on the car. How, it was not the mere act of getting on at .the front that in any manner contributed to the injury to plaintiff in this case, dr exposed him to danger; it was remaining there after he was on, and that act was in no manner forbidden by the notice. But aside from this, even if the court must shut its eyes to the open, constant, everyday practice of the employés- of street railways themselves. in disregarding such no.tices, there is abundant evidence in this case that the employés of the defendants’ company do constantly and habitually disregard and disobey this notice, and so do with the consent and apjDarent encouragement of the company itself. The conductor testifies in this case that on this, occasion both platforms and the inside of the car were so full that no more could get on; that there were nine or ten persons on the front-platform, and no more could get on. And, speaking of his ordinary custom, he says he never paid attention to where or what place passengers got onbut “ when I see. them get on, I put for them to get their fare”'-—as well on the front platform as elsewhere—“ from the last one that gets on.” And this habitually, and, as the defendants-would have us believe, in the face of their- *501 own rules to the contrary. Surely they cannot complain if ,the court and jury construe their rules and notices in the same manner and meaning that their own officers and employes habitually do, nor can they expect the court to enforce rules which they habitually disregard in their own interest, and seek to enforce only when they could thereby shield themselves from liability. This would seem to be sufficient grounds upon which to sustain the ruling of the judge at circuit. But I am prepared to go further, and hold that when a common carrier of passengers, by himself or his manager or conductor, accepts a person as a passenger, and receives from such person the full and established fare, without any restriction in the contract itself as to mode or place of carriage, he is bound to furnish such passenger with a safe and comfortable vehicle, and a safe and comfortable place or position in it or on it, and so to transport that passenger that he shall not sustain injury from any fault or neglect of the carrier, any rule, notice, or regulation of the carrier to the contrary notwithstanding; and is responsible for any injury the passenger may sustain by the fault or neglect of the carrier, provided always the passenger shall occupy as' safe a place as he can, and conducts himself with proper care in the place where he is. Of course, if the passenger wilfully and unnecessarily persists in taking and occupying an exposed or dangerous position on the boat, car, or vehicle by which he is being carried, when more secure and unexposed places are open and offered to him, and he is injured by an accident which would not have harmed him if he had been in the safer position, then it is negligence in him, and he takes the risk of such exposure. But if the passenger has no option, and occupies as safe and secure a position or place on the carriage as the, carrier affords to him, and conducts himself with ordinary care while there, negligence cannot be imputed to him, and he can recover for any injury sustained through the fault or neglect of the carrier. Those are well-settled elementary principles of the common law as to carriers of passengers (1 Parsons on Contracts, 2d cd., p. 695 to 700, and notes; Storey on Bailments, sec. 590 et *502 seq.; Angel on the Law of Carriers, chap. 11). In applying these principles to the various and generally different classes of facts in particular cases, courts may and do differ, but I think the principles above stated have been uniformly acquiesced in. In this case, the judge at the trial submitted to the determination of the jury all the questions of negligence of the plaintiff. It was left to the jury to say, upon all the evidence, whether the plaintiff was guilty of negligence contributing to the injury. The substance of the objection of defendants’ counsel is, that the justice should have charged as matter of law that plaintiff was guilty of negligence in being where, he was when the accident occurred. In my opinion, for the reasons before stated, upon the undisputed facts in the case he should have charged the other way. And inasmuch as the jury have found as the justice should have ruled, I see- no reason for disturbing the verdict. The judgment should be affirmed, with costs.