NEW YORK PRACTICE REPORTS.    289

Ward agt. The Central Park, North and East River Railway Co.

## N. Y. SUPERIOR COURT.

WILLIAM WARD, plaintiff and appellant, agt. THE CENTRAL
PARK, NORTH AND EAST RIVER RAILROAD COMPANY,
defendants and respondents.

It is the duty of a passenger upon getting on a city railroad car to place himself in
as safe a position thereon as he is able to obtain, and it is no excuse on his part
for placing himself in an unsafe one, that the persons in charge know that he is
unsafe, and do not drive him therefrom, when the danger is equally well known
to him.

Although standing upon a platform of a car is not negligence *per se*, but open to
explanation, yet, where a passenger stood upon the very edge of the platform
without holding on to anything and with knowledge of the bad condition of the
street and track, caused by accumulations of ice and snow, and maintained such
position after an opportunity had been given to him to exchange it for a place of
comparative safety, until thrown off by a jirk of the car occasioned by the said
bad condition of such street and track:

*Held* that he was guilty of negligence which contributed to the injury and could
not recover against the railroad company, notwithstanding the latter were also
negligent.

*General Term, May,* 1871.

*Before* BARBOUR, *Ch. J.,* FREEDMAN *and* SPENCER, *JJ.*

APPEAL from judgment. The action was brought to
recover damages for injuries sustained by plaintiff, a printer
by trade, while riding upon one of defendant's cars, on the
ground that such injuries resulted from the negligence of
defendant's servants.

The defendants, by their answer, denied negligence on their
part, and averred that the injuries sustained by plaintiff, if
any, were caused wholly through his own carelessness and
negligence, and not through the carelessness or negligence
of the defendants, their agents or servants.

Upon the trial, the plaintiff testified, that in the month of

January, 1867, at the corner of Lewis and Seventh streets in the city of New York, he got on board of one of defendant's cars which was running south. The seats were all occupied and in the centre of the car was a line of passengers holding on by the straps. While standing on the rear platform the conductor came and collected the fare. Plaintiff thereupon, at the request of the conductor stepped a little aside to allow the conductor to enter into the car. He stepped to the right and found no place to stand upon except upon the edge of the platform. There was a passenger before him who held on to the iron rod which protected the window, and another behind him resting against the back part of the platform, and plaintiff stood between them without having hold of anything. At the corner of Sixth street the car stopped to take up two more passengers. The rear platform was so crowded that there was no room for them to get up. At the request of the conductor the plaintiff got off and then stood on a block or chunk of ice until the said two passengers had safely got aboard, and then got up again into the car and stepped back into the same position between the two passengers first spoken of, which he had occupied before. The car drove on quite rapidly for about two blocks, when a jolt or jirk of the car threw the plaintiff off. It also appeared by plaintiff's testimony, that it had been snowing three or four days before, that the snow had got frozen, that on the day in question, there were large chunks of ice along the track, that had not been cleared off, and that the whole street through which the track runs was in a very bad condition in consequence of the accumulations of ice and snow.

Upon the close of plaintiff's case defendant's counsel moved for a nonsuit upon the grounds, *first*, that the plaintiff had contributed by his own negligence to the accident, and *second*, that no negligence was shown on part of the defendants.

The court granted the motion, and plaintiff excepted.

The defendants entered judgment, and plaintiff appealed therefrom

HENRY L. CLINTON, *for appellant.*
A. J. VANDERPOEL, *for respondents.*

*By the court*, FREEDMAN, J.—The only question of law which is before us, arises upon the exception of the plaintiff to the nonsuit ordered by the court. There was no request to be permitted to go to the jury, and no motion has been made for a new trial. The evidence which is uncontradicted presents two questions, *first*, was the plaintiff free from contributory negligence, and *second*, were the defendants guilty of negligence on the occasion in question? To justify the nonsuit, one of these questions must be held against the plaintiff, and so clearly that there is no room for doubt. On a question of nonsuit all disputed facts are to be decided in favor of the plaintiff, and all presumptions and inferences which he had a right to ask from the jury are to be conceded to him (*Cook* agt. *N. Y. Central RR. Co.*, 3 *Transpt. Appeals*, 8).

In *Clark* agt. *Eighth Avenue RR. Co.*, (36 *N. Y.*, 135), the learned judge who delivered the opinion of the court, laid down the doctrine, that whenever it appears that a passenger is riding in a car in a place of hazard or danger, his negligence is *prima facie* proved and the onus is upon him to rebut the presumption. Although this proposition may not be regarded as an authoritative decision by the court of appeals, it has been expressly laid down as the law of this court in *Solomon* agt. *The Central Park, N. & E. RR. Co.*, (1 *Sweeny*, 298).

The presumption may be, overcome by proof, that the passenger could not get any safer place. Thus in *Hardencamp* agt. *Second Avenue RR. Co.*, *reported in the Transcript of March*, 22d, 1870, it appeared by uncontradicted evidence, that both platforms and the inside of the car were so full, that plaintiff, having got upon the front platform, could not get any safer place. In *Clark* agt. *The Eighth Avenue RR. Co.*, (36 *N. Y.*, 135). it seems to have been

conceded, that there was no room for plaintiff except upon the steps, where the conductor called upon him and received from him his fare. In *Sheridan* agt. *The Brooklyn and Newtown R.R. Co.,* (36 *N. Y.,* 39), the evidence showed, that the conductor forced the boy against his remonstrance to give up an inside seat and to occupy a place on the platform. In each of these cases a recovery by plaintiff was upheld, but at the same time the principle fully recognized, that it is the duty of a passenger, upon getting on board of a car, not only to use ordinary care and attention to protect himself while there, but also to place himself in as safe a position therein, as he is able to obtain, and that it is no excuse on his part for placing himself in an unsafe one, that the persons in charge know that he is unsafe, and do not drive him therefrom, when the danger is well known to such passenger.

The application of this rule to the uncontroverted facts of this case is fatal to the plaintiff, even if we assume without inquiry, that the defendants, who are bound to use all the care and prudence which human sagacity and foresight can suggest for the purpose of preventing injury to the passengers carried in the way in which they undertake to carry them, were guilty of negligence in the performance of their duty towards the plaintiff. According to the latter's own showing, there was no necessity for him to stand as he did. He could have got inside in place of the conductor, and in point in fact did get in after the injury without anyone having left the car to make room for him. Again he could have occupied part of the place which the two passengers assumed who got upon the car after him and for whom he stepped aside. He was under no obligation to do so. He seems to have been fully cognizant of the bad condition in which the street and track were in at that particular time and place in consequence of the accumulations of snow and ice. To every passenger of his age, intelligence and experience, observing ordinary caution, that

condition must have been suggestive not only of possibility but of the extreme probability of the car receiving just such a jolt or jirk as that which subsequently occurred, and which resulted in plaintiff's injuries.    To stand, under such circumstances, upon the very edge of the platform without holding on to anything, and to maintain such position after·an opportunity had been had to exchange it for a place of comparative safety, was therefore, negligence on the part of the plaintiff, which contributed to the injury, and debars him from a recovery, no matter how negligent the defendants may have been.    The mere request by the conductor to step aside for a moment, and allow two other passengers to get on, is no sufficient excuse for plaintiff under the circumstances.

The judgment should be affirmed, with costs.