By the Court.—Freedman, J.
The only question of law . which is before us, arises upon the exception'of plaintiff to the nonsuit ordered by the court. There *395 was no request to be permitted to go to the jury, and no motion has been made for a new trial. The evidence, which is uncontradicted, presents two questions:
First; Was the plaintiff free • from contributory negligence ?
Second: Were the defendants guilty of negligence on the occasion in question %
To justify the nonsuit, one of these questions must be held against the plaintiff, and so clearly, that there is no room for doubt. On a question of nonsuit, all disputed facts are to be decided in favor of the plaintiff, and all presumptions and inferences, which he had a right to ask from the jury, are to be conceded to him (Cook v. N. Y. Central R. R. Co., 3 Trans. App. 8).
In Clark v. Eighth-avenue R. R. Co., 36 N. Y. 135, the learned judge who delivered the opinion of the court, laid down the doctrine, that whenever it appears that a passenger is riding in a car in a place of hazard or danger, his negligence is jprima facie proved, and the onus is upon him to rebut the presumption. Although this proposition may not be regarded as an authoritative decision by the court of appeals, it has been expressly laid down as the law of this court, in Solomon v. The Central Park, N. & E. R. R. Co., 1 Sweeny, 298.
The presumption may be overcome by proof that the passenger could not get any safer place. Thus, in Hardencamp v. The Second-avenue E. E. Co., reported in the Transcript of March 22, 1870, it appeared by uncontradicted evidence, that both platforms and the inside of the car were so full, that the plaintiff, having got upon the front platform, could not get any safer place. In Clark v. The Eighth-avenue R. R. Co., 36 N. Y. 135, it seems to have been conceded, that there was no other room for plaintiff, except upon the steps, where the conductor called upon him for, and received from him his fare. In Sheridan v. The Brooklyn & *396 Newtown R. R. Co., 36 N. Y. 39, the evidence showed that the conductor forced the boy, against his remonstrance, to give up an inside seat, and to occupy a place on the platform. In each of these cases, a recovery by plaintiff was upheld, but at the same time, the principle fully recognized, that it is the duty of a passenger, upon getting on board of a car, not only to use ordinary care and attention to protect himself while there, but also to place himself in as safe a position therein as he is able to obtain, and that it is ho excuse on his part for placing himself in an unsafe one, that the persons in charge know that he is unsafe, and do not drive him therefrom, when the danger is equally well known to such passenger.
The application of this rule to the uncontroverted facts of this case is fatal to the plaintiff, even if we assume, without inquiry, that the defendants, who are bound to use all the care and prudence which human sagacity and foresight can suggest, for the purpose of preventing injury to their passengers, carried in the way in which they undertake to carry them, were guilty of negligence in the performance of their duty towards the plaintiff. According to the latter’s own showing, there was no necessity for him to stand, as he did. He could have got inside in place of the conductor, and in point of fact, did get in, after the injury, without any one having left the car to make room for him. Again: he could have occupied part of the place which the two passengers assumed, who got upon the car after him, and for whom he stepped aside. He was under no obligation to do so. He seems to have been fully cognizant of the bad condition in which the street and the track were in, at that particular time and place, in consequence of the accumulations of snow and ice. To every passenger of his age, intelligence and experience, observing ordinary caution, that condition must have been suggestive, not only of the possi* *397 bility, but the extreme probability of the car receiving just such a jolt-. or jerk, as that which subsequently occurred, and which resulted in plaintiff’s injuries. To stand, under such circumstances, upon the very edge of the platform, without holding on to anything, and to maintain such position after an opportunity had been had to exchange it for a place of comparative safety, was, therefore, negligence on the part of the plaintiff, which contributed to the injury, and debars him from a recovery, no matter how negligent the defendants may have been. The mere request by the conductor, to step aside for a moment and allow two other passengers to get on, is no sufficient excuse for the plaintiff under the circumstances.
The judgment should be affirmed, with costs.