Sedgwick, J.
*83 IV. If the court will not grant the order applied for, then the plaintiffs are remediless; as no valid exception can be taken to the decision of the referee on appeal from the judgment (Barb. Ch. Pr. 631, bottom paging, note ; Fielden v. Lahens, 6 Abb. Pr. N. S. 341, opinion of Parker, J., in court of appeals ; Caldwell v. New Jersey Steamboat Co., 47 N. Y. 282, 295).
V. The court has power to order the referee to reopen the case and take the testimony. This action was brought in the superior court of the city of New York, —a court of record, having full equity jurisdiction. It is still pending in this court. The court has referred such of the issues in the cause as the court did not determine at special term, to one of its officers to hear and determine them, and has ordered that officer to toJce and state the accounts of the respective partners. But the court has not lost its power or control over the case, or in any way abdicated it. The referee is its own officer and agent, and subject to such orders as it may make in furtherance of equity and justice. It may, for good cause shown, remove a referee and appoint another, or take the case entirely into its own hands, and determine it without the aid of a referee. It has the power to remove an officer ; much more has it the power to regulate the action of the referee. In what case it will exercise such power is another and a different question. This power is not so much the creature of statutes as an incident to the general and necessary powers of the court- to administer justice. It should be borne in mind by the court that the suit is an equity suit, and the referee appointed to take and state the accounts has the same duties and is subject to the same control that the master was subject to in the court of chancery. Who ever heard it solemnly *84 argued that the court of chancery was inferior in any point of power to the master which that court had appointed '( Yet it is argued that the referee has more power over the litigation than the court of equity which appointed him. We look in vain in the statutes for anything given by the legislature to the referee, making him, in any point, superior to the court, and the court below gave no reference to any such statutes (Ford v. Ford, 35 How. Pr. 321; Macpherson v. Ronner, 40 N. Y. Super. Ct. [8 J. & S.] 448.) The doctrine defendant’s counsel contends for is highly derogatory to the court and extremely dangerous to suitors.
VI. Section 272 of the Code, headed “report to stand as decision by the court,” does not take from the court .any power to order further testimony to be taken in a case like the present. But the present is not the case prescribed for, because it is not sought here to review the decision of the referee upon evidence upon the trial, but is in the nature of an application for a new trial upon newly discovered evidence which did not appear on the trial. And it is perfectly settled that such applications may be and are constantly made and granted on affidavits of matters dehors the record. A motion for a new trial on newly discovered evidence must be made before judgment. Nothing whatever is gained by waiting until after the referee has reported, and then moving to set aside his report. The court can do now what it could do then ; and it is much more convenient for all the parties, that the testimony be taken now, before the accounting is completed, than that the report should be set aside, and a new accounting had.
VII. Plaintiffs have been guilty of no negligence that should deprive them of their rights, in favor of one Avho has defrauded them in a trust-relation to them of a partner, in matters exclusively in his knowledge and under his control, which frauds were unlooked for and *85 unsuspected by them until a month before they offered to prove them.
Blanchard & Miller, attorneys, E. L. Fancher, and Theodore F. Miller, of counsel for respondents, urged:
I. The court has a general supervision over its referees to annul and set aside its own orders of reference, where incompetency or impropriety are alleged against the referee (Bainbridge v. Livermore, 56 N. Y. 75, and cases there cited). This question, however, does not arise upon this appeal. The idea of any impropriety on the part of the referee was expressly disclaimed below. But the court will not interfere with the conduct of a case pending before a referee appointed to hear and determine, or with his ruling upon matters of discretion. Such a referee is the court; he alone can pass upon questions of discretion. He must exercise a sound judicial discretion, and where he grossly abuses his power his decisions are reviewable upon appeal, just as are those of a trial court where discretion is grossly abused. “The trial by referee shall be conducted in the same manner, and on similar notice, as a trial by the court” (Code, § 272). ‘ ‘ The mode of conducting its trial, therefore, must be within the discretion of the referee, so far as relates to all questions within the ordinary discretion of a judge on the trial of a cause” (Palmer v. Palmer, 13 How. 365; Pratt v. Stiles, 9 Abb. 153). The decision of the learned judge below was, therefore, correct, if the admission of the proposed new evidence was a matter of discretion with the referee.
II. It was a matter of discretion. It is purely a matter of sound discretion whether a judge or referee shall permit a party to introduce proof irregularly, or to re-open his case after resting. “H the testimony was closed the day before, it was discretionary with the court whether to open the case or not to receive the *86 additional evidence, and the decision is not reviewable here. The withdrawal or absence of witnesses who might be called in reply, or other circumstances, may have rendered the decision proper” (per Church, Ch. J., Caldwell v. N. J. Steamboat Co., 47 N. Y. 295). “After plaintiff rests, it is a matter of discretion whether to allow the case to be re-opened” (Solomon v. Central Park, N. & E. R. R. Co., 1 Sweeny, 303; Burgen v. White, 2 Bosw. 92; Meyer v. Goedel, 31 How. 457; Ford v. Niles, 1 Hill, 300). The court had, therefore, no power to interfere. It would have been very unjust to the defendant had the referee received the proposed proof of “new claims,” under the circumstances. The plaintiff had a longer day in court than is usually accorded to suitors. The defendant remained to meet the case made against him, and when it was closed and he had been fully cross-examined, he returned to India to attend to his neglected business.
By the Court.—Speir, J.
No incompetency or impropriety on the part of the referee is claimed on this appeal, nor on the motion below. It is not, therefore, a case where the court has a general supervision over its referees to annul and set aside its own orders. By section 272 of the Code, ‘‘ the trial by referee shall be conducted in the same manner and on similar notice as a trial by the court.” The discretion of the referee, so far as it relates to all questions within the ordinary discretion of a judge on the trial of a cause, is the same. The relief asked for comes within the discretion of the referee acting as the court, and the learned judge was clearly right in placing his decision upon the ground of a want of power.
The referee exercised a sound discretion in refusing to open the case. The defenses were put in, as it appears, directly to meet the claims presented in the plaintiffs’ case after the defendant had been detained *87 fifteen months on the trial and had returned to India. The plaintiff had rested, and after the defendant’s departure one of the plaintiffs, it is alleged, discovered new claims from the defendant’s books of account, which had been in the possession of the referee during a period of nine months, and which they had examined during that time. It is a matter of discretion whether a case shall be opened after the plaintiff rests. In this case I fail to find any excuse for this long delay, and under the circumstances it would have been unjust to the defendant; especially, as the plaintiffs had already a sufficiently long day in court. The order must be affirmed with costs, &c.
Curtis, Ch. J., concurred.