CHARLES D. GOODRICH, RESPONDENT, *v.* THE PENNSYL-
VANIA AND NEW YORK CANAL AND RAILROAD
COMPANY, APPELLANT.

*Negligence — standing upon the platform of a car is not necessarily contributory
negligence.*

The defendant's road leaves the depot at Towanda, Pennsylvania, upon a sharp
curve, which extends to a river crossed by a bridge 1,500 feet long. To start
the train, it is necessary to have an additional engine to push it. Soon after
the pushing engine had left the train, on which the plaintiff was a passenger,
it parted between the seventh and eighth cars, the draw head of one of them
having pulled out. The parting of the train broke the bell cord and rang the
engine bell, but the engineer, thinking it unwise to stop upon the bridge, con-
tinued on' until he had nearly crossed it. He then applied the air brakes and
stopped the train, without knowing what had occurred. The rear part of
the train came on and collided with the front part, causing a concussion which
broke the platform upon which the plaintiff was standing and injured him.
As the train left the depot, the plaintiff left his seat in the car and went upon
the platform. Notices were posted in the car for-bidding passengers to stand
upon the platform, but the plaintiff testified that he did not notice them, and
that he did not hear the brakeman tell him that it was against the rules to stand
upon the platform.

In an action brought by him to recover damages for the injuries sustained,
*held*, that, as the draw head would not have pulled out had it not been out of
repair or improperly constructed, the question of defendant's negligence was
properly submitted to the jury.

That, under all the circumstances of the case, the question of the plaintiff's con-
tributory negligence was also properly submitted to them, and that a verdict
in his favor would not be set aside.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury at the Livingston Circuit, and from an order
denying a motion for a new trial made upon the minutes of the jus-
tice before whom the action was tried.

*George M. Diven*, for the appellant.

*James Wood*, for the respondent.

HAIGHT, J.:

The defendant is a corporation created by the laws of Pennsyl-
vania, and is engaged in operating a railroad from Elmira to
Philadelphia. The plaintiff was a passenger on one of the defend-

ant's cars, and had a seat inside of the car. At the depot at Towanda, Pennsylvania, he left his seat and went upon the platform of the car and stood there until the accident in question occurred. A short distance from the depot there was a bridge across the river 1,500 feet long. From the depot to the river there was a sharp curve, which makes it necessary, in order to get the train under motion, to have an additional engine on the rear to push. The engine in the rear pushed the train on which the plaintiff was riding until it reached the bridge and then drew off. Shortly after the engine had ceased to push, the train parted between the seventh and eighth cars, the draw head in one of the cars having pulled out. The parting of the train broke the bell-cord and rang the bell of the engine. The engineer thinking it unsafe to stop upon the bridge, continued on until he had got his train nearly across the bridge, and then applied the air brakes and stopped his train, not then knowing what was the matter. As he stopped, the rear part of the train came on, colliding with the cars attached to the engine, causing a concussion, breaking the platform on which the plaintiff was standing and injuring him. His only excuse for standing upon the platform was his desire to see the village of Towanda. At the close of the evidence the defendant moved for a nonsuit upon the grounds, first, that it had not been shown that the accident occurred by the negligence of the defendant; second, that the plaintiff was himself guilty of negligence in not being in his place on the train, but for which negligence he would not have received the injury complained of. These motions were denied by the court, and the defendant duly excepted. These motions present the only questions raised by the appeal.

Our reading of the appeal book satisfies us that the question of the defendant's negligence was properly submitted to the jury. It appears that the train was made up of cars from different roads. Some of them were old and of different construction as to platform. It appears that the train parted by reason of the pulling out of the draw head. This would not have occurred if the draw head had not been out of repair or improperly constructed. The defects, whatever they were, it would seem ought to have been detected by a careful and proper inspection of the car.

The plaintiff's alleged negligence in standing upon the platform

presents a more difficult question to dispose of. In this State there is a statute which would be controlling upon the question, but inasmuch as the accident occurred in Pennsylvania this statute has no application. We have been unable to find any reported case in this State or Pennsylvania in which the question presented has been decided. In the case of *Clark* v. *The Eighth Avenue Railroad Company* (reported in 36 N. Y., 135) it was held that the riding upon the steps of a street railroad car was negligence *prima facie*, and that the *onus* was upon the passenger to rebut the presumption; and showing that the car and the platform were full of passengers with no room for more, and that the conductor had called for and received the passenger's fare whilst he was standing upon the steps, rebutted the presumption.

So, also, it was held in the case of *Ginna* v. *The Second Avenue Railroad Company* (67 N. Y., 596). In that case the person killed was standing upon the platform of a street car with three or four other passengers. The car was crowded inside. It was not held to be negligence *per se* and the case was properly submitted to the jury. To the same effect is the case of *Hadencamp* v. *The Second Avenue Railroad Company* (1 Sweeny, 490). In the case of *Ward* v. *The Central Park, etc., Railroad Company* (11 Abb. [N. S.], 411) it was held that where a passenger stood upon the edge of the platform of a street car without holding on to anything, and with knowledge of the bad condition of the street and track caused by the accumulation of ice and snow, and maintained such position after an opportunity had been given him to exchange it for a safer place and was injured by being thrown from the car, that he could not recover.

In the case of *Solomon* v. *The Central Park, North and East River Railroad Company* (1 Sweeny, 298), it was held that a boy sitting on the steps of the front platform of the street car, being thrown off by a jolt and injured, could not recover in the absence of evidence that the car was crowded, or that there was not plenty of room inside.

In the case of *Robertson* v. *The New York and Erie Railroad Company* (22 Barb., 91), it was held that a person riding upon a locomotive, knowing that it was against the rules of the company, but with the consent of the engineer, could not recover for injuries received. In Pennsylvania it has been held that a person could not

recover for injuries received in leaping from a train of cars while it was in motion and before it had stopped at the depot; that they could not recover for injuries received by reason of putting the elbow or arm out of the window; that a person could not recover for injuries received whilst riding in a baggage car against the rules of the road, under circumstances where no injury would have been received in case he had been riding in a passenger coach.

In the case of *Willis* v. *The Long Island Railroad Company* (34 N. Y., 670), it was held that it was not the duty of passengers to pass from one car to another in search of seats while the cars were in rapid motion, and that the plaintiff being injured by an accident while he was standing upon the platform of the car, being unable to find a seat within, could recover.

In the case of *Nolan* v. *The Brooklyn City and Newtown Railroad Company* (87 N. Y., 63), the plaintiff was riding upon the front platform of the street car; there were seats inside; he was smoking, and it was the custom of the company to permit smoking on that platform and not elsewhere; whilst so riding he was injured, and it was held that he could recover. The learned judge writing the opinion in the case, says : " It is settled that, independent of the mandate of the statute, it is not, even in the case of steam cars, negligence *per se* for a passenger to stand upon the front platform of a moving car," citing the above authorities.

We have referred to the authorities cited by the learned judge, and have already called attention to what they hold. It will be observed that they fail to state the rule as broadly as here stated. Most of the cases referred to are street car cases. Whilst it may be claimed that this part of the opinion which attempts to state the rule in reference to steam cars is *obiter*, still, in the absence of authority holding the contrary, we do not feel at liberty to depart from the views so recently expressed by our highest court.

It appears from the evidence that notices were posted upon the ends of each of the cars, forbidding passengers standing on the platform. The plaintiff, however, testifies that he did not notice them and did not hear the brakeman tell him that it was against the rules to stand upon the platform.

It further appears that the train had just left the depot, and had not yet commenced running at a full rate of speed.

Under all the circumstances of the case, we are of the opinion that it was a question for the jury whether or not it was negligence for him to stand upon the platform under such circumstances.

The order and judgment should be affirmed.

SMITH, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.