JAMES BLACK, Respondent, *v.* THE BROOKLYN CITY R. R. Co., Appellant.

*Court of Appeals, February 7, 1888.*

1. *Negligence.   Question for jury.*—A proposition, depending upon conflicting evidence, is a question of a fact, and, when properly submitted to the jury, the court of appeals is bound by their opinion,

2. *Same.   Submission.*—Where two propositions are submitted to the jury, the one properly, the other, improperly, not having any fact for its support, and the court of appeals cannot tell on which alternative of the charge the jury founded their verdict, it cannot be supported.

3. *Same.   Duty of company.*—It is the duty of a street railroad company, in the exercise of its franchise, to offer the intending passengers a reasonable opportunity safely to board its cars.

Appeal from a judgment of the general judgment of the supreme court, affirming a judgment entered upon a verdict, and affirming an order denying a motion for a new trial.

*Samuel D. Morris,* for appellant.

*E. B. Convers,* for respondent.

DANFORTH, J.—The defendant was incorporated for the business of owning and operating horse cars for the carriage of passengers for hire. The plaintiff alleges that while lawfully attempting as an intending passenger to get upon one of the defendant's " down cars," and actually being on one of the steps of its platfrom, he was thrown from it toward the street, and in that way and by collision with another or " up car," of the defendant, moving in the opposite direction, was severely injured.   Concerning these alleged facts there is no doubt.

The defendant by its answer and evidence raises two questions :

*First.* Whether the negligence of its servant caused the injury.

*Second.* Whether the plaintiff contributed to it.   It appears that the plaintiff in due season signaled the approaching or "down car" and it stopped : that as he was getting on board, having one foot on the lower step, the car, on signal of the conductor, was suddenly started.   His further ascent was thus interrupted and by the rapid motion of the car he lost his foothold and was thrown off.   He shows that the platform was crowded, and that by reason of the sudden shock he was unable to reach it with either foot or get hold of the hand-rail.   Whether by either of these circumstances—the condition of the platform, his omission to take the rail, or enter upon the platform, he was in fault or acted negligently, was submitted to the jury and, as their verdict shows, was answered in his favor.   The proposition depended upon conflicting evidence and was therefore a question of fact, as was also the other, viz. : The negligence of the defendant's servant on that car, and by the opinion of the jury this court is bound.   Clark *v.* Eighth Ave. R. R. Co., 36 N. Y. 135 ; Hayes *v.* Forty-second Street R. R. Co., 97 id. 259.

It was undoubtedly the duty of the defendant, in the exercise of its franchise to offer to intending passengers a reasonable opportunity safely to board their cars.   The charge did not go further and the evidence warranted a conclusion that such care was not exercised toward the plaintiff and that the plaintiff himself was not in fault. The trial judge, however, called the attention of the jury to the plaintiff's allegation in relation to the conduct of the servants in charge of the "up car," and refused to charge as requested by defendant's counsel " that negligence could not be predicated on anything the driver of that car did or omitted to do."

Upon this refusal the appellant alleges error   The

learned judge said: " As to the up car, the only allegation of negligence concerning the management of that vehicle is that the driver did not percieve, when he ought to have perceived the plaintiff falling from the car that was coming down," and then said : " If the driver fulfilled the duty which was incumbent upon him to keep a vigilant watch on his team and of the road ahead so as avoid injuring any one, he performed his whole duty," adding : " The driver, himself, tells you that he was looking straight ahead at his team; it is for you to say whether, under the circumstances, if the driver of the up car was doing that, that he did not do his whole duty."

We find no evidence as to the conduct of this driver which would permit any other conclusion so far as his duty to the plaintiff is concerned. There is, indeed, testimony that his way being blocked by a coach intruding upon the track, the driver of the up car was speaking to or chaffing with its master at the very moment of or just before the accident, but we find no connection between that circumstance and the plaintiff's injuries. It does not appear to have affected his management of the car, nor that the management was in any respect other than the circumstances in which he was placed required. The complaint, however, alleged negligence in the management of the down car. Both charges were submitted to the jury, the last, as we have said, properly ; the other, in respect to the " up car," we think improperly, it having no fact for its support ; and as we cannot tell on which alternative of the charge the jury founded their verdict, we are of opinion it cannot be supported.

The judgment, therefore, should be reversed and a new trial granted, with costs to abide the event.

All concur.