(114 App. Div. 804)

### KRAMER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

CARRIERS—INJURY TO PASSENGER—QUESTION FOR JURY.

    One suing for injuries received while standing on the running board of a street car, who did not prove that the car was stopped by the conductor for him to get on it, or that after he had boarded the car he was seen by the conductor and suffered to remain there, or that his fare was demanded or accepted while in that position, failed to make out a case for the jury.

    [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1318–1324.]

    Gaynor and Hooker, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by William Kramer against the Brooklyn Heights Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Charles M. Stafford, for appellant.

H. F. Ives, for respondent.

JENKS, J. The plaintiff complains that, when standing on the running board of an open electric car moved by the defendant, he was swept off by a plank which projected four inches over the running board from a fence around a work in the street. He did not prove that the car was stopped by the conductor for him to get on it, or that after he had boarded the car, when there was only room for him on the running board and he stood on the running board, he was seen by the conductor and suffered to remain there, or that his fare was demanded or accepted from him while in that position. It is obvious that if he had not been on the running board he would have suffered no injury. Before he could hold the defendant as a common carrier he was bound to show that he was invited to ride as a passenger on the running board of the car. Non constat but that the defendant would have refused to transport him while in that place and so to extend to him the assurance that it was "a suitable safe place" for him as a passenger. I think, therefore, that the plaintiff failed to make out a case. Clark v. Eighth Avenue R. R. Co., 36 N. Y. 135, 93 Am. Dec. 495. If the plaintiff had established his status as a passenger on the running board, I am not prepared to say that he did not upon his part make out a case for the jury.

The judgment is affirmed, with costs.

HIRSCHBERG, P. J., and WOODWARD, J., concur.

GAYNOR, J. (dissenting). The plaintiff got on an open car of the defendant's Third Avenue electric street railroad in Brooklyn at the corner of Tenth street and Third avenue, which is about a mile from the place on Flatbush avenue where the accident happened. The car was so crowded that he was unable to get inside, and he had to stay on the

running board or get off. There were already six or eight riding on the running board when he got on, and several more got on and rode there afterwards before the accident happened.

On Flatbush avenue the street under the track was being excavated, and there was a temporary fence alongside the car track. A misplaced board or plank projected out from the fence to and over the running board of the car, and caught the plaintiff and most of the others on the running board on the legs and swept them off.

The motion for a nonsuit was made solely on the ground that there was no negligence by the defendant. It was granted on that ground, and also on the ground that the plaintiff was guilty of negligence which caused the accident.

There can be no doubt that it was a question of fact and not of law whether the motorman was careless in not seeing the obstruction, and the plaintiff was certainly not negligent as a matter of law in not seeing it; but the opinion for affirmance is now put on the new ground that there was no evidence that the plaintiff was accepted as a passenger, this being put on the ground that it does not appear whether the car stopped to let the plaintiff on, or whether he paid his fare, or whether the conductor saw him on the running board. No such question was made on the trial by the defendant, and we therefore have no right to consider it. And how could the defendant raise such a question? The plaintiff had been riding on the running board for a mile with six or eight others who were already there when he got on, and several others who got on afterwards, because the car was so full that they could not get inside. Surely this was evidence enough that the conductor saw them and acquiesced in their riding there as passengers instead of getting off, which was their only alternative. That they got on one after another along the line, and the length of time they were there, was evidence that they were taken on, or that the defendant acquiesced in their getting on, or in their remaining on; and if the defendant had claimed on the trial, by the motion for a nonsuit or before, that they were not passengers but only intruders, the plaintiff could have proved other facts if necessary, i. e., that the car stopped to take him on, or that he paid his fare on the running board, or the like. But whether the plaintiff's fare had been collected is not a controlling question, nor whether he got on the car while it was moving. Counsel for passengers injured while being carried along do not make formal proof of payment of fare, or that the car stopped to take them on, unless it be disputed that the plaintiff was a passenger.

It is true that it is stated in the opinion in Clark v. Eighth Ave. R. Co., 36 N. Y. 135, 93 Am. Dec. 495, that the plaintiff gave evidence that the car was stopped to let him on, and that his fare was collected; but that is by no means holding that that precise evidence was or is always essential. Much bad law has been asserted by drawing such converse conclusions. Any evidence from which the fact can be found that the plaintiff was received or allowed to be on the car as a passenger suffices, and here the evidence was by no means scant. Neither the trial judge nor the counsel for the defendant thought of questioning it.

Nothing was done to make up this case on appeal in the form required

by the rule; on the contrary, the justice simply ordered the stenographer's minutes filed for the case. This practice should be discontinued. The evidence should be reduced to a strict narrative, and the exceptions stated in due form, as the rule requires and as becomes a learned profession and as is due to this court.

The judgment should be reversed.

HOOKER, J., concurs.