(5 Misc. Rep. 327.)

## BRUNO v. BROOKLYN CITY R. CO.

### (City Court of Brooklyn, General Term. October 23, 1893.)

1. STREET RAILROADS — CONTRIBUTORY NEGLIGENCE — TRAVELING ON STEP OF OPEN CAR.

   It is not negligence, as a matter of law, to stand on the step along the side of an open street car, if the car is crowded.

2. SAME—INSTRUCTIONS TO JURY—HARMLESS ERROR.

   In an action against a street-railroad company for damages for injuries sustained by plaintiff while standing on the step of an open car, of which all the seats were occupied, and the rear platform crowded, error in refusing to charge that it was plaintiff's duty to use reasonable care to put himself in as safe a place as he could procure is cured by a charge that it was the duty of plaintiff to take his position on the front platform, if there was room there.

Appeal from trial term.

Action by Francis Bruno against the Brooklyn City Railroad Company for damages for personal injuries. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Morris & Whitehouse, for appellant.

J. Edward Swanstrom, for respondent.

VAN WYCK, J. This action was brought to recover damages alleged to have been inflicted upon the plaintiff through the negligence of defendant, and without any on his part. The jury rendered a verdict in plaintiff's favor for $1,500, and from the judgment entered thereupon, and the order denying a motion for a new trial, this appeal is taken. The testimony shows that plaintiff took passage on an open car of defendant, running easterly through Flushing avenue, all the seats of which were occupied, and the rear platform of which was crowded, though there may have been standing room on the front platform. He stood facing the body of the car, upon the side step, running along the entire length of the car; and, while he was in this position, the conductor collected his fare, after which, when this car reached Washington avenue crossing, another car of defendant, proceeding along Washington avenue in a northerly direction, was approaching Flushing avenue. The driver of the latter car, instead of stopping, kept right on, and drove his horses against the plaintiff, knocking him off the car, whereby plaintiff received the injuries complained of. The contention that plaintiff, in standing upon the step, was guilty of contributory negligence, as matter of law, cannot be sustained. The question was properly submitted to the jury to decide, as a matter of fact. If it was error for the court to refuse to charge the request of defendant "that it was the duty of the plaintiff, on getting upon defendant's car, to use reasonable care to put himself into as safe a place as he could procure," the error was cured by the charge

of the court that, if there was room on the front platform, it was the duty of the plaintiff to have taken his position thereupon, for the evidence shows that all the seats were occupied, and the rear platform was crowded. After reading and carefully considering the testimony relating to plaintiff's injuries, we do not think the verdict of the jury for $1,500 should be disturbed as excessive. For these reasons we think the judgment and order must be affirmed, with costs.