(5 Misc. Rep. 355.)

### BRUNO v. WALSH.

(City Court of New York, General Term.   October 20, 1893.)

ACTION ON CONTRACT—ISSUES SUBMITTED.

In an action for wages under a contract of hiring, defendant denied generally, alleged plaintiff's nonperformance, and averred that, because of said nonperformance, defendant was obliged to hire another to do the work, and paid him a sum named, which was a reasonable price, which he demanded as a counterclaim. The court submitted to the jury only the questions of the rate of wages agreed on, and the allowance of the counterclaim. *Held* that, evidence having been given on both sides on the issue of plaintiff's performance, it was error not to submit that, also, to the jury.

Appeal from trial term.

Action by Edward Bruno against Augustin Walsh for wages under a contract. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Michael J. Scanlon, for appellant.
Hector M. Hitchings, for respondent.

McCARTHY, J. It is idle, in our judgment, for the defendant to argue as to the authority for the employment of the plaintiff. The evidence is clear and sufficient that Dage, who first employed the plaintiff, was a member of the firm of C. H. Volzing & Sol, and that this firm was the agent of the defendant in regard to the prem-

ises in question. It was also clear that the employment was approved of by the defendant.

A more serious question arises in regard to the correctness of the judge's charge. The complaint is to recover a balance of $145 for services as an engineer and janitor, in taking charge of defendant's premises, Nos. 3 and 5, East Eighty-Fourth street, this city, at the agreed price of $80 per month, the same ending with the month of June, 1892. The answer of the defendant, after denying the allegations of the complaint, sets up, among other defenses, the following:

"For a further and separate defense to this action, the defendant alleges, upon information and belief, that on or about the 1st day of June, 1892, the said Volzing, as agent as aforesaid, further hired and employed said plaintiff as engineer and janitor for said houses for the month of June, 1892, at the agreed salary or wages of sixty dollars for said month of June, 1892, but that the said plaintiff failed and neglected to perform his duties as such engineer and janitor during said month of June, 1892. For a further and separate defense to this action, and by way of counterclaim, the defendant alleges that during said month of June, 1892, and by reason of the failure of said plaintiff to perform his duties as engineer and janitor as aforesaid, the said defendant was obliged to and did employ another person to perform said duties, and was obliged to and did pay such other person the sum of fifteen dollars and twelve cents therefor, which amount the services performed by such other person were reasonably worth, and which last-mentioned sum the defendant hereby counterclaims and sets off against any sum which the said plaintiff may recover in this action. Wherefore, the said defendant prays that the said complaint be dismissed, with costs."

Then, by his general denial, the defendant compelled the plaintiff to first prove his whole case, and, by these other defenses referred to, had the right to go to the jury on the question of performance, either of the contract alleged by the plaintiff, or the contract alleged by the defendant. The contract, being by the month, and payable at the end of the month, was entire, and the plaintiff, in order to recover, was bound to show a full and faithful performance of his duties as janitor and engineer. Such performance was disputed, and considerable evidence was given on both sides in regard to the same. At the close of the case, the judge charged the jury as follows:

"Gentlemen of the Jury: Under the rulings I have already made in this case, there is but one question for you to determine, and that is, is the plaintiff entitled to $45, or is he entitled to $80? The defendant claims that for the month of June there was a special agreement whereby plaintiff was to receive but $60; that subsequently, as some repairs and cleaning were to be done, plaintiff agreed that defendant might employ a man to do the work, and deduct from the $60 such sum as he paid out; and that, pursuant to such agreement, he paid out $15. If you believe the story of the defendant, then your verdict will be for the plaintiff in the sum of $45. The plaintiff, however claims that there was never any such agreement or understanding, and that, while it was suggested to him that he should remain for $60, he at all times insisted he could only remain for the amount he had originally agreed upon, which was $80 a month. This is the plaintiff's contention, and, if you believe it is the true statement, then your verdict must be for the plaintiff in the sum of $80. Under all circumstances, therefore, the plaintiff is entitled to a verdict, and the only question is as to the amount; and I repeat, if you believe the defendant, your verdict will be for $45, and, if you believe the plaintiff's story, it will be for $80. (Plaintiff excepts to the statement of the

court that the defendant testified that plaintiff agreed he might employ a man to do the repairs.) The Court: I did not so understand his testimony. It was to do the cleaning. Exception. Defendant's counsel excepts to that part of the charge wherein it states that the plaintiff is entitled to a verdict, under all circumstances. * * *"

This exception is sufficient to raise the question as to the correctness of the charge. We think that the trial justice should have submitted to the jury the question of the performance or nonperformance of the contract, and that, in the use of the words excepted to, he had taken the whole question from them. They were the judges of the facts. For these reasons, judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.