JAMES McGRATH, as Administrator, etc., of THOMAS McGRATH, Deceased, Respondent, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant.

*Negligence — injury while riding on the step of a motor car — contributory negligence as a matter of law — charge of the trial court.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, by reason of the alleged negligence of the defendant, it cannot be said that the deceased was guilty of contributory negligence as a matter of law in riding upon the step of a motor car on a surface railroad, where the evidence in the case shows that the car was crowded to overflowing; that the passengers were compelled to hang on wherever they could, and that they were permitted to do so, and, in fact, invited to do so by the persons in charge of the car, who permitted them to enter it in its crowded condition.

Upon the trial of an action brought to recover the damages occasioned by the death of the plaintiff's intestate, by reason of the alleged negligence of the defendant, the court charged, at the request of the plaintiff's counsel, that "a conductor permitting a passenger on a crowded car, where there are no seats or

platform room, to stand on the footrail of the car, is an implied assurance that the speed will not be accelerated in a way to endanger the passenger while he stands there." The defendant's counsel stated: "I desire to except, on the ground that the facts of the request are not applicable to this case, it being shown that this man was within the body of the car before the accident."

*Held,* that, as the jury had the right to find from the evidence the contrary of the assumption upon which the exception was based, no error was committed.

Immediately thereafter the court expressly charged the proposition, "that if a passenger enters the car and obtains a place of safety, and voluntarily leaves the place of safety and places himself in a place of danger, and if, through putting himself in that place of danger, injury is sustained," then no recovery could be had.

*Held,* that no error was committed.

APPEAL by the defendant, the Brooklyn, Queens County and Suburban Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of April, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 15th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*J. C. Bergen,* for the appellant.

*J. McG. Goodale,* for the respondent.

VAN BRUNT, P. J.:

This action was brought by the administrator to recover damages for the negligent killing of his son, the intestate, while the latter was a passenger upon a train of trolley cars owned and operated by the defendant. The evidence in the case showed that on the 1st of July, 1894, the deceased, together with a large party of friends and companions, boarded this train at a station known as Woodhaven. The cars were very much crowded by the accession of the party which accompanied the deceased, and there were nothing like enough seats to accommodate all the passengers, and it would appear that all the standing places were also occupied, many of the passengers being obliged to stand on the footrails, a few of them only being fortunate enough to get into the aisles.

It is claimed upon the part of the appellant that the deceased, upon boarding the train, entered into the rear car, and that he was

in the middle of the body of the car, and that after the train had started he moved from his position and passed to the front or motor car. And it is urged that he was guilty of contributory negligence in leaving a position of safety in the second car and occupying a place of danger in the first car. If the evidence supported the contention of the appellant, so that the jury were compelled to find the facts as now claimed by them, a grave question might be presented as to whether the court would not have been bound to dismiss the complaint upon the ground of contributory negligence. But the difficulty with the appellant's position is that there was ample evidence from which the jury might find that the deceased never entered the rear car, but boarded the first car and was transported — as far as he was transported — upon this car.

It is true that one of the witnesses, Hannah Fuchs, testified to seeing him upon the second car amongst the crowd, and that subsequently she saw him on the front car standing on the step of the car, the car going fast and rocking, and she shouted to him, "Look out, you will fall," and that he said, "I am all right," and almost immediately he fell back and was killed. But the evidence of this witness in regard to the fact of having seen the plaintiff in this second car is not entirely satisfactory, because upon examination it will be observed that she took but little notice of the deceased, and that she did not see him leave the second car and go to the first car, or anything of that kind.

It is also claimed on the part of the appellant that the witness Klein testified that the deceased boarded the second car. An examination of Klein's testimony, however, shows exactly the contrary. It is true that he says, "I seen him board the second car." But he qualified that immediately after, when he was asked, "Was he on the platform of the car, or on the step?" by saying that he saw him on the step, that he heard him speak to the young men and girls to hurry up and not keep the car waiting, and the witness refused to testify that he saw him upon the platform. He further testified that he and the deceased boarded the car together, Klein going through the car to take his seat. Klein boarded the first car. From this evidence it is apparent that the jury had the right to come to the conclusion that the deceased never boarded the second car, but that when the car started he was riding on the step

of the first car, the car being so crowded that it was impossible to accommodate all the passengers which had been taken.

Under these circumstances it does not appear that there was contributory negligence as matter of law, the jury not being required to find, as is claimed on the part of the appellant, that the deceased left a position of safety and voluntarily got upon the step of the front car, from which he fell, thus putting himself into a position of danger.

Neither can it be held, as matter of law, under the evidence in this case, that it was contributory negligence to ride upon the step of the car. The evidence is that the cars were crowded to overflowing; that these passengers were compelled to hang on wherever they could, and that they were permitted to do so, and in fact invited to do so by the persons in charge of these cars permitting them to enter the cars in their crowded condition. It is true that the witness Fuchs swears that she warned the deceased, but her action appears to have been occasioned by the high rate of speed at which the cars were running and the jolting and jerking which such high rate of speed caused.

Another question which is suggested is, that there was no evidence of negligence in the management of the cars by the defendant's employee; that the evidence in regard to speed is entirely conjectural and is not sufficient to support a finding of negligence. All evidence of this character must necessarily be examined with care in order to determine as to what its foundation is. Questions of time and questions of speed are matters of such a character that evidence in respect to them has very little reliability. But the physical effects of the running of this train are established by several witnesses. People are shaken around or shaken off their seat either by the speed of the car or the roughness of the road, and that in a manner which certainly is not consistent with prudent maintenance and skillful management. The jury had a right to find that this violent and unequal motion was the cause of the deceased being shaken off and of his falling between the cars.

It is urged that the refusal of the court to charge that " the fact that he (deceased) was riding upon the step instead of within the car or upon the platform of the car is negligence *per se,* which bars his recovery," was error.

Upon an examination of the record it will be seen that this request to charge was coupled with other propositions, the whole request being :

" I ask your Honor to charge that if plaintiff's injury arose not from the fact of his jumping off the car, but was the result of an involuntary act, being simply falling from the step running alongside of the car, the fact that he was riding upon the step instead of within the car or upon the platform of the car, is negligence *per se,* which bars his recovery."

It is clear that the defendant was not entitled to these propositions. Under the circumstances of the case the jury had a right to find that the deceased, in riding upon the step of the car, was not necessarily negligent. In fact the court charged the jury that it was not for the court to say arbitrarily that it was negligence in and of itself, as called for by the proposition which it was asked to charge ; and it instructed the jury to take that fact into consideration, and if they thought that under all the circumstances of the case, as laid before them by the witnesses, it was negligent for the deceased to stand where he stood, and in consequence of that negligence he was injured, they should render a verdict for the defendant.

This was submitting to the jury all that could be required. The evidence in the case justified the jury in finding that in consequence of the crowded condition of these cars the passengers were compelled to ride upon the steps, and that they had been accepted as passengers in such a condition of the cars, and that notwithstanding the dangerous position in which these passengers were undoubtedly placed, the cars were run at a high rate of speed and the deceased was thereby shaken off.

Exception is also taken to the following charge of the court. The plaintiff's counsel asked the court to charge as follows : " I ask your honor to charge that a conductor permitting a passenger on a crowded car, where there are no seats or platform room, to stand on the footrail of the car, is an implied assurance that the speed will not be accelerated in a way to endanger the passenger while he stands there." This the court charged. The appellant's counsel stated : " I desire to except, on the ground that the facts of the request are not applicable to this case, it being shown that this man was within the body of the car before the accident."

Thus the exception is based upon an assumption, the contrary of which the jury had a right to find. Immediately thereafter the court expressly charged the proposition " that if a passenger enters the car and obtains a place of safety, and voluntarily leaves the place of safety and places himself in a place of danger, and if, through putting himself in that place of danger injury is sustained," then no recovery could be had.

It will thus be seen upon an examination of the whole case that the rights of the appellant were protected by the learned judge in his charge, and the employees of the appellant were held to no stricter accountability than the law requires.

There are other exceptions to the charge, but it is not necessary to notice them. Upon the whole case, we are of the opinion that no error was committed which calls for a reversal of the judgment.

The judgment and order appealed from should, therefore, be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment and order affirmed, with costs.