a proportionate amount of the extra allowance; and, if consent be given to so reduce, the judgment and order is affirmed, without costs to either party in this court.   All concur.

---

## WOOD v. BROOKLYN CITY R. CO.

(Supreme Court, Appellate Division, Second Department.   May 8, 1896.)

1. CARRIERS—RIDING ON STEPS OF STREET CAR.
   It is not negligence per se to ride on the side step of a street car, where the car is so crowded that the passenger cannot obtain a place inside.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.
   In an action for injuries received by plaintiff while riding on the side step of defendant's street car, it appeared that as the car passed a truck, the horses attached to which were drinking at a water trough, plaintiff was struck by the tailboard of the truck.   There was evidence that as the car approached there was sufficient space for it to pass the truck without striking, but that the horses moved backward while the car was passing. *Held*, that the question of the negligence of defendant's motorman was for the jury, as he should have considered the possibility of a movement by the horses.

Appeal from trial term, Kings county.

Action by James E. Wood against the Brooklyn City Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Morris & Whitehouse, for appellant.

Elliott, Jones, Breckenridge & Dater, for respondent.

CULLEN, J.   This is an action to recover damages for personal injuries.   The plaintiff entered as a passenger upon an open car of the defendant, which was so crowded that he was obliged to ride on the step that runs along the side of that class of cars.   As the car was proceeding on its course along Flatbush avenue, a team of horses, drawing a truck, was being watered at a trough along the curb.   The team and truck stood somewhat diagonally in the street, the heads of the horses being at the trough, and the rear end of the truck further out in the carriage way.   As the car passed the truck, the plaintiff was struck by the tailboard of the truck, knocked to the ground, and injured.   While one of the witnesses for the plaintiff testified that the truck did not move when the car was passing, the weight of the evidence tends to show that the truck was backed somewhat during that time.   The motorman testified that the truck backed, but did not state for what distance.   The conductor testified that there were three or four feet between the car and the truck. One of the witnesses for the defendant said the truck went back a couple of feet, and another that "it did back a little."   At the close of the evidence, the defendant moved to dismiss the complaint, both on the ground of the contributory negligence of the plaintiff and that no negligence had been established on the part of the defendant.

The motion was denied, and the defendant excepted. The denial of this motion presents the only question to be considered on this appeal.

The contributory negligence of the plaintiff was a question for the jury. In Vail v. Railroad Co., 147 N. Y. 377, 42 N. E. 4, the court of appeals definitely decided that the provision of the general railroad law that the company should not be liable for injuries to passengers while riding on the platform of a car did not apply to street railroads. In McGrath v. Railroad Co., 87 Hun, 311, 34 N. Y. Supp. 365, it was decided that riding on the side steps of the cars, where the cars were so crowded as not to permit the passenger to obtain a place within them, was not negligence per se. To the same effect are Clark v. Railroad Co., 36 N. Y. 135; Ginna v. Railroad Co., 67 N. Y. 596; Nolan v. Railroad Co., 87 N. Y. 63.

We think, also, that there was evidence tending to show negligence on the part of the defendant, and that it was proper to submit that question to the jury. It may be conceded that, at the time the motorman sought to run his car past the standing truck, there was room enough for the car to have passed without striking the truck; but this does not necessarily establish that the motorman was free from fault. He was aware, or should have been aware, of the crowded condition of his car, and that passengers were riding on the side steps. He was also bound to consider the possibility of, at least, slight movement in the position of the truck. The horses were being watered, and it is said to be a common fact that horses, as they have finished drinking, naturally back from the trough. One of the witnesses testifies that such was the case at the time of this collision. Therefore, if the condition of the defendant's car or the position of the truck was such as to apprise the motorman that there was a reasonable liability of collision, even though it might be occasioned by the movement of the truck, it was negligence on his part to have proceeded. The case, in this respect, seems to fall within those of Seidlinger v. Railroad Co., 28 Hun, 503, and O'Malley v. Railway Co. (decided by this court at the April term) 38 N. Y. Supp. 456. In the latter case a passenger was struck by the end of boards carried in a vehicle which had been proceeding in advance of the car, and then turned out of the tracks. It was claimed that the vehicle had completely cleared the track, and subsequently backed on the car. We there held:

"The proof showed that a due regard for existing circumstances called upon the driver to consider the liability of the wagon to be cut off in its passage on the narrow street, and forced back down the grade, which would inevitably bring it in contact with the car."

That rule is equally applicable to the case at bar. The driver was bound to consider not only the existing position of the truck in relation to the car, but also the probability of that position being changed, so as to endanger the passengers.

The judgment and order appealed from should be affirmed, with costs. All concur.