DANIEL HASSEN, Respondent, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

*Negligence — a passenger standing upon the running board of a street car injured because of a sudden jerk — liability of the railroad company.*

A passenger upon an open electric car, which was crowded to such an extent that all the seats were occupied, and passengers were standing in the space between the seats and upon the running board, took a position upon the running board, as was customary upon the railroad in question when the cars were crowded, although he might have stood in the space between the seats. The conductor collected his fare and made no suggestion that it was improper or dangerous

for the passenger to ride upon the running board, and while the car was running at the rate of from six to eight miles per hour the passenger was thrown from the car and injured because of a sudden violent jerk, which the evidence, in an action brought against the railroad company by such injured passenger, justified the jury in finding might have been occasioned by the sudden application of the motive power.

*Held*, that the question whether the passenger was guilty of contributory negligence in remaining upon the running board was one of fact for the jury;

That the jury were justified in determining that the jerk given the car was the result of a negligent act.

APPEAL by the defendant, the Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of March, 1898, upon the verdict of a jury for $1,250, and also from an order entered in said clerk's office on the 2d day of March, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Henry Yonge* [*Clarence J. Shearn* with him on the brief], for the appellant.

*James C. Cropsey*, for the respondent.

HATCH, J.:

The plaintiff boarded the defendant's car at Coney Island for the purpose of being transported to the borough of Brooklyn. The car was an open car, with seats running across and a running board upon the side. It was very much crowded, having from seventy to ninety passengers; all of the seats were filled, and people were standing in the space between the seats, and also upon the running board. There was space between the seats unoccupied when plaintiff boarded, and he could have occupied such space within the car. He remained upon the running board, as did also several other passengers. His right so to remain was not questioned by the conductor of the car, nor was any request made by the conductor or by any other person that he occupy the space between the seats. On the contrary, the conductor demanded and received the plaintiff's fare, and made no suggestion that it was an improper or dangerous place for him to ride. It is customary for passengers upon this line, when the cars are crowded, to stand upon the running board of the car. While rid-

ing in this position; and when the car was running at about six or eight miles an hour, it gave a sudden violent jerk, which the jury were authorized to find was occasioned 'by the sudden application of excessive motive power by the motorman. The sudden and violent character of the jerk caused the plaintiff to lose his hold with the left hand upon the stanchion of the car, and his body to swing outward, in which position his head was brought in contact with a trolley pole at the side of the track, inflicting the injuries of which complaint is made.

It is contended by the defendant that the plaintiff was guilty of negligence as matter of law; that if he could, with slight inconvenience to himself, procure standing room between the seats of the car, he was bound so to do, and as it was conceded that there was such space, the plaintiff must be deemed to have voluntarily remained in a place of danger, which defeats his right to recover. This question was raised by motion for a nonsuit and in the requests to charge. It may be conceded that a person would be chargeable with contributory negligence, in the ordinary operation of a car, if he stood upon a running board when he might obtain a safe place within the body of the car. But, under the circumstances of this case, we think that such proposition may not be affirmed as matter of law. It is well known that the space between these seats, when the latter are occupied, is quite narrow; with small people upon a seat, the space left might be occupied, with more or less inconvenience; with large people it may become a matter of extreme difficulty to stand in the space, and with some an impossibility. In all cases it is a place of discomfort, and disagreeable both to the person standing and to those sitting. The cars running from Coney Island to Brooklyn, at most times, are crowded within and without in all available space. The defendant expects that this will be so; and if it does not invite, it makes little effort, if any, to prevent such condition, and collects and receives fares from those sitting and those standing, indifferent as to the place where the passenger secures his foothold. Under such circumstances we think the question becomes one of fact to be determined by the jury, having regard to particular conditions. (*Bruno* v. *Brooklyn City R. R. Co.*, 5 Misc. Rep. 327; affirmed, 147 N. Y. 711; *Wood* v. *Brooklyn City R. R. Co.*, 5

App. Div. 492.) The court charged the jury in accordance with this view of the law, and upon the evidence we think the submission was proper.

The defendant was properly found guilty of negligence upon the testimony. Such finding was warranted by the evidence with regard to the sudden and violent starting of the car, which is shown to have disturbed the equilibrium of other passengers as well as that of the plaintiff. The defendant had accepted the plaintiff for carriage, it collected his fare and knew the place he occupied upon the car. It was bound to know that the application of motive power in such manner as to cause the car to give a violent jerk was extremely hazardous, in view of the position of many of the passengers upon the car, and might result in injury. The jury were, therefore, authorized to say that it was a negligent act. (*Dochtermann* v. *Brooklyn Heights R. R. Co.*, 32 App. Div. 13; *Schaefer* v. *Union Ry. Co.*, 29 id. 261.)

Upon the question of the extent of plaintiff's injuries the testimony was conflicting, and while it is not as satisfactory as it should be, we are unable to find legal ground for disturbing the judgment. No other questions require attention.

The judgment should be affirmed.

WOODWARD, J., absent.

Judgment and order unanimously affirmed, with costs.