HASSEN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.    November 1, 1898.)

1. STREET CARS—NEGLIGENCE OF PASSENGERS—STANDING ON RUNNING BOARD.
    A passenger who boards an open street car, where the seats are filled, but where there is standing room in the space between the seats, though uncomfortable and inconvenient, is not guilty of negligence per se in standing on the running board.

2. SAME—SUDDEN JERKS—NEGLIGENCE OF COMPANY.
    The seats in an open car were filled, and passengers were standing in the space between the seats.    Plaintiff boarded the car, and remained on the running board, where other passengers were standing.    The conductor collected his fare without any remarks.    It was customary for passengers to stand on such board when the cars were crowded.    While going at from six to eight miles an hour, the car gave a sudden violent jerk, occasioned by the sudden application of excessive motor power, which caused plaintiff to break his hold with one hand, swinging his body outward so as to strike a trolley pole.    Held, to show negligence making the company liable.

Appeal from trial term.

Action by Daniel Hassen against the Nassau Electric Railroad Company.    From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Henry Yonge (Clarence J. Shearn, on the brief), for appellant.

James C. Cropsey, for respondent.

HATCH, J.  The plaintiff boarded the defendant's car at Coney Island for the purpose of being transported to the borough of Brooklyn.  The car was an open car, with seats running across and a running board upon the side.  It was very much crowded, having from 70 to 90 passengers.  All of the seats were filled, and people were standing in the space between the seats, and also upon the running board.  There was space between the seats, unoccupied, when plaintiff boarded, and he could have occupied such space within the car.  He remained upon the running board, as did also several other passengers.  His right so to remain was not questioned by the conductor of the car, nor was any request made by the conductor, or by any other person, that he occupy the space between the seats.  On the contrary, the conductor demanded and received the plaintiff's fare, and made no suggestion that it was an improper or dangerous place for him to ride.  It is customary for passengers upon this line, when the cars are crowded, to stand upon the running board of the car.  While riding in this position, and when the car was running at about six or eight miles an hour, it gave a sudden violent jerk, which the jury were authorized to find was occasioned by the sudden application of excessive motive power by the motorman.  The sudden and violent character of the jerk caused the plaintiff to break his hold with the left hand upon the stanchion of the car, swinging his body outward, in which position his head was brought in contact with a trolley pole at the side of the track, inflicting the injuries of which complaint is made.

It is contended by the defendant that the plaintiff was guilty of negligence as matter of law; that if he could, with slight inconvenience to himself, procure standing room between the seats of the car, he was bound so to do; and, as it was conceded that there was such space, the plaintiff must be deemed to have voluntarily remained in a place of danger, which defeats his right to recover.  This question was raised by motion for a nonsuit and in the requests to charge.  It may be conceded that a person would be chargeable with contributory negligence, in the ordinary operation of a car, if he stood upon a running board when he might obtain a safe place within the body of the car.  But, under the circumstances of this case, we think that such proposition may not be affirmed as matter of law.  It is well known that the space between these seats, when the latter are occupied, is quite narrow.  With small people upon a seat, the space left might be occupied, with more or less inconvenience.  With large people it may become a matter of extreme difficulty to stand in the space, and with some an impossibility.  In all cases it is a place of discomfort, and disagreeable both to the person standing and to those sitting.  The cars running from Coney Island to Brooklyn, at most times, are crowded within and without, in all available space.  The defendant expects that this will be so; and, if it does not invite, it makes little

effort, if any, to prevent, such condition, and collects and receives fares from those sitting and those standing, indifferent as to the place where the passenger secures his foothold. Under such circumstances we think the question becomes one of fact to be determined by the jury, having regard to particular conditions. Bruno v. Railroad Co., 5 Misc. Rep. 327, 25 N. Y. Supp. 511, affirmed 147 N. Y. 711, 42 N. E. 722; Wood v. Railroad Co., 5 App. Div. 492, 38 N. Y. Supp. 1077. The court charged the jury in accordance with this view of the law, and, upon the evidence, we think the submission was proper. The defendant was properly found guilty of negligence upon the testimony. Such finding was warranted by the evidence with regard to the sudden and violent starting of the car, which is shown to have disturbed the equilibrium of other passengers as well as the plaintiff. The defendant had accepted the plaintiff for carriage. It collected his fare, and knew the place he occupied upon the car. It was bound to know that the application of motive power in such manner as to cause the car to give a violent jerk was extremely hazardous, in view of the position of many of the passengers upon the car, and might result in injury. The jury were therefore authorized to say that it was a negligent act. Dochtermann v. Railroad Co., 32 App. Div. 13, 52 N. Y. Supp. 1051; Schaefer v. Railway Co., 29 App. Div. 261, 51 N. Y. Supp. 431.

Upon the question of the extent of plaintiff's injuries the testimony was conflicting, and, while it is not as satisfactory as it should be, we are unable to find legal ground for disturbing the judgment. No other questions require attention. The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs.