EDWIN L. HENDERSON, Respondent, v. NASSAU ELECTRIC RAILROAD COMPANY, Appellant.

*Negligence — a passenger standing on the running board of a street car struck by a van just ordered from the tracks and standing within two feet of them.*

Where the motorman of an open car, which was so crowded that passengers were standing upon the running board, before stopping to receive another passenger, signals a van in front of it to leave the track, which it does, stopping in such a situation as to bring its rear end within about two feet of the track, he is chargeable with notice that the space left between the van and

the car is insufficient to allow persons standing upon the running board to escape injury unless they bend their bodies inward toward the car, and it is the duty of those occupied with the operation of the car to exercise great care to see that injury is not inflicted upon such passengers.

The fact that the passenger for whom the car stopped moves along the running board while it is in motion, looking for a seat, and failing to observe the presence of the van, is struck by it as the car passes, does not, as matter of law, constitute contributory negligence on his part.

APPEAL by the defendant, the Nassau Electric Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of March, 1899, upon the verdict of a jury for $6,500, and also from an order entered in said clerk's office on the 20th day of March, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Henry Yonge*, for the appellant.

*Isaac M. Kapper*, for the respondent.

HATCH, J.:

The plaintiff was injured by coming in contact with a furniture van standing at the side of the street, in such close proximity to the car track as to cause the plaintiff's body to strike the same as the car passed, whereby he sustained injury for which the recovery of damages has been awarded. The facts of the case are, that the plaintiff took the car at the corner of Gates and Marcy avenues, where it stopped for the purpose of receiving passengers. It was an open car and was crowded, the seats being all occupied; some persons were standing between the seats and others were upon the running board of the car. Prior to the time when the car stopped to receive the plaintiff as a passenger, the van had been proceeding in the car tracks, and the motorman had rung his bell to notify the van to leave the tracks, in order that the car might proceed. The van pulled to the side of the street and stopped, so as to bring its rear end within about two feet of the track, the witnesses varying as to the distance, from two to three feet; but the jury were authorized to find, upon the testimony, that the van came to a standstill within about two feet of the rail of the track. It further appears that after plaintiff

had boarded the car he took hold of the stanchions and moved along the running board while the car was in motion, facing the inside and evidently looking for a seat. The evidence left in dispute the question as to whether when the plaintiff's body was brought in contact with the van he was swinging out from the car, holding the stanchions with his hands, or whether at the time he was standing with a hand on either stanchion and his body in line with the car. There were two other persons standing upon the running board, and one of them observed the van and put his body in such place in the car as to avoid contact. His companion did not see the van, but the one who observed it pushed his body into the space between the stanchions and he escaped contact with the van. The plaintiff, not observing either the van or the motions of the other persons upon the running board, occupied the position where he was struck; and upon this state of facts it is claimed that the plaintiff was guilty of negligence, as matter of law. This question will be hereafter considered. It is clear, from the evidence, that defendant was properly chargeable with negligence in the operation of the car. It had notice of the van upon the track, and by its act it caused the van to go to the side of the street at about the time that it stopped to receive the plaintiff as a passenger. It was chargeable with notice that the car was crowded, and that the plaintiff and others stood upon the running board. The van was still in its front, and the motorman of the car, as he passed it, was chargeable with knowledge of the position the van occupied and the small space that was left between it and the car. It was chargeable with notice that the distance was insufficient for persons standing upon the running board to escape contact with the van unless, observing the same, they bent their bodies inward toward the car. Under such circumstances great care was imposed upon those charged with its operation to see that injury was not inflicted upon the passengers on the car. This duty was disregarded, and for such act the defendant was properly charged with negligence. ( *Wood* v. *Brooklyn City R. R. Co.*, 5 App. Div. 492 ; *Hassen* v. *Nassau Electric R. R. Co.*, 34 id. 71.)

Was the plaintiff guilty of contributory negligence in what he did is, therefore, the crucial question in this case, and we conclude that he was not so guilty, as matter of law. He had the

right to stand upon the running board, and to assume that the defendant would not so operate the car as to unnecessarily expose him to danger. It was his duty if there was a seat within the car to occupy it, rather than to stand in the dangerous position upon the running board. It is evident that he was looking for a place within the car, as his duty required, and the defendant having received him as a passenger and then started the car before he had an opportunity to see if there was a place which he might occupy within the body of it, must be held to have understood that he would make observation to find such place and to know that his attention would be directed toward the inside of the car. Under such circumstances, whether the exercise of reasonable care required that he should observe the van, we think presented a question of fact. Because one person upon the running board did observe it is not evidence conclusive that plaintiff ought to have seen it. The other person upon the running board did not observe the van and was saved from contact with it only by the act of his companion. It was as much the duty of the plaintiff to seek a place of safety within the body of the car as it was to observe existing conditions outside the car, and it would be difficult to attend to both at the same time; and whether, when the car passed the van, reasonable care required that he should observe the side of the street rather than to see if there was a vacant place within the car, presented, within the authorities already cited, a question for the jury. This case is distinguishable from *Moylan* v. *Second Avenue R. R. Co.* (128 N. Y. 583). In that case the driver of the car and the horses had passed the truck before the plaintiff boarded the car. The car was in motion and the proximity of the truck to the track was as plainly visible to the plaintiff when he got upon the car as it was to any other person; and as he could observe the condition before he boarded the car and knew or ought to have known the relative position of the truck and car, it was held that the duty was imposed upon him to take notice of the existing condition. None of the cases cited by the defendant add to the strength of this case. In the one case the danger to be encountered was immediate, open and visible; in the other it was removed and not immediately apparent. Under the circumstances, therefore, we think a question was presented for the jury.

Some criticism was made upon the charge of the court, but viewing it as a whole we think it was as favorable to the defendant as it was entitled, and in some respects more so. We have examined the point raised and conclude that it presents no error.

The judgment should, therefore, be affirmed.

Judgment and order unanimously affirmed, with costs.