(44 App. Div. 613.)

### BRAINARD v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

1. STREET RAILROADS—RUNNING OF CARS—NEGLIGENCE.
   Evidence that a passenger, who was standing on the running board of a street car, where he had ridden for some distance, on account of its crowded condition, and maintained his position, was thrown off by a sudden violent jerk of the car, justifies a finding that the fall was due to negligence in the operation of the car.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   A man who surrenders his seat on a crowded street car to a woman, and stands on the running board of the car, is not, as matter of law, negligent.

3. SAME.
   Riding on the running board of a crowded street car is not per se negligence.

Appeal from trial term, Kings county.

Action by Bertha Brainard, as administratrix of the goods, etc., of Louis Brainard, deceased, against the Nassau Electric Railroad Com-

pany. From a judgment dismissing her complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George A. Strong (H. W. Bridges, on the brief), for appellant.

Stephen C. Baldwin (Frederick A. Martyn, on the brief), for respondent.

HATCH, J. The evidence, as we view it, would have warranted the conclusion that the deceased was thrown from the car by reason of a sudden violent jerk of a character inconsistent with its prudent and careful management. This condition we have already held sufficient to warrant a finding of negligence in the operation of the car, and there is nothing, so far as we are able to discover, in the circumstances of this case, which removes it from the application of the rule. Hassen v. Railroad Co., 34 App. Div. 71, 53 N. Y. Supp. 1069; Dochtermann v. Railroad Co., 32 App. Div. 13, 52 N. Y. Supp. 1051. It is fair to assume, we think, that the deceased, as he stood upon the running board of the car, was using such means as were furnished for security to a person standing thereon. He had ridden some distance, and maintained his position, and the language of one of the witnesses who saw him is that; as "the jerk came, * * * Mr. Brainard was knocked off." The language of the other witnesses, and the fact that a person must use a support to remain upon the running board while a car is in motion, justify the inference that it was the sudden jerk which caused the fall, and not any lack of making use of the supports. The car was crowded with passengers, and riding upon the running board was not per se negligence. The fact that the deceased had an opportunity to occupy the seat vacated by his wife, and voluntarily surrendered such right to another passenger, does not charge him with contributory negligence, as matter of law. Such question is usually one of fact, and is dependent upon the circumstances. Lehr v. Railroad Co., 8 N. Y. St. Rep. 813; Id., 118 N. Y. 556, 23 N. E. 889; Still v. Railroad Co., 32 App. Div. 276, 52 N. Y. Supp. 975. In the present case the surrender was made to a woman, who may be presumed to have been weaker than the deceased. Custom, even at Coney Island, has not deadened all sense of courtesy; and, if it had, we should continue to think that the law of negligence has still a sufficient respect for the amenities of life as not per se to charge as negligence the surrender of a seat by a man to a woman. The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.