SHEERON v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. STREET RAILWAYS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
   It is not negligence per se for a passenger on a crowded street car to stand on the running board.

2. SAME—NEGLIGENCE.
   Testimony that a street car crossed a street without stopping, then slowed up a little, and then suddenly started quickly, with a jerk sufficient to throw standing passengers off their footing and against the seats, and that, coincident with the sudden jerk and accelerated speed, plaintiff's intestate, a passenger standing on the running board, fell from the car, makes a case of negligence, for the jury.

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1379.

Exceptions from trial term, Kings county.

Action by Alice Sheeron, administratrix of Francis Sheeron, deceased, against the Coney Island & Brooklyn Railroad Company. Heard on exceptions of plaintiff, directed to be heard in the first instance by the appellate division on dismissal of the complaint at Kings trial term. Exceptions sustained.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William F. Hagarty, for plaintiff.

Albert E. Lamb, for defendant.

GOODRICH, P. J. Plaintiff's intestate, Francis Sheeron, boarded an open car of the defendant corporation, which operated an electric railroad along Smith street, Brooklyn. The car was very much crowded, and he took his position on the running board, with his back to the body of the car, and hands on the stanchions on each side of him. While in this position, there was a sudden jerk of the car after it had passed Schermerhorn street, and he was thrown off the car, and received injuries which resulted in his death. At the trial the court dismissed the complaint, and the exceptions directed to be heard by this court raise the question whether the evidence was such as to require its submission to the jury.

In two cases this court has had occasion to consider facts substantially like those presented by the evidence in the record now before us (Hassen v. Railroad Co., 34 App. Div. 71, 53 N. Y. Supp. 1069, and Brainard v. Railroad Co., 44 App. Div. 613, 61 N. Y. Supp. 74), and held that the evidence was sufficient to require the submission to the jury of the question as to the negligence of the respective parties. I am unable to discover any distinction, in fact or principle, between those cases and the one at bar. We held that it is not negligence per se for a passenger upon a crowded street car to stand upon the running board, and that evidence similar to that before us was sufficient to justify a jury in finding that the defendant was negligent in the operation of street cars.

There was testimony of passengers and bystanders that the car crossed Schermerhorn street without stopping; that, after crossing, it slowed up a little, and then suddenly started quickly, with a jerk sufficient to throw standing passengers off their footing and against the seats. Sheeron's fall from the car was coincident with the sudden jerk and the accelerated speed of the car. This evidence, within the principle announced in the cases above cited, required the submission of the case to the jury, and the dismissal of the complaint was error.

Plaintiff's exception sustained, and new trial granted; costs to abide the event. All concur.