ALICE SHEERON, as Administratrix, etc., of FRANCIS SHEERON, Deceased, Plaintiff, *v.* THE CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Defendant.

*Negligence — injury to a passenger standing on the running board and holding on by the stanchions of an open street car, thrown off by a sudden jerk — questions for the jury.*

In an action brought to recover damages resulting from the death of the plaintiff's intestate, which was alleged to have been caused by the negligence of the defendant, an electric street railroad company, evidence that the intestate boarded one of the defendant's open cars, which was very much crowded, and took a position on the running board with his back to the body of the car and his hands on the stanchions on each side of him, and that, while in such position and coincident with a sudden jerk of the car, which was sufficiently violent to throw standing passengers off their footing and against the seats, he

was thrown from the car and received injuries which resulted in his death, is sufficient to require the submission to the jury of the question as to the negligence of the respective parties.

MOTION by the plaintiff for a new trial upon a case containing exceptions ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case upon a trial at the Kings County Trial Term.

*William F. Hagarty,* for the plaintiff.

*Albert E. Lamb,* for the defendant.

GOODRICH, P. J. :

Plaintiff's intestate, Francis Sheeron, boarded an open car of the defendant corporation, which operated an electric railroad along Smith street, Brooklyn. The car was very much crowded and he took his position on the running board, with his back to the body of the car and his hands on the stanchions on each side of him. While in this position, there was a sudden jerk of the car after it had passed Schermerhorn street, and he was thrown off the car and received injuries which resulted in his death.

At the trial the court dismissed the complaint, and the exceptions directed to be heard by this court raise the question whether the evidence was such as to require its submission to the jury.

In two cases this court has had occasion to consider facts substantially like those presented by the evidence in the record now before us (*Hassen* v. *Nassau Electric R. R. Co.,* 34 App. Div. 71; *Brainard* v. *Nassau Electric R. R. Co.,* 44 id. 613), and held that the evidence was sufficient to require the submission to the jury of the question as to the negligence of the respective parties.

I am unable to discover any distinction in fact or principle between those cases and the one at bar. We held that it is not negligence *per se* for a passenger upon a crowded street car to stand upon the running board, and that evidence similar to that before us was sufficient to justify a jury in finding that the defendant was negligent in the operation of street cars.

There was testimony of passengers and bystanders that the car crossed Schermerhorn street without stopping, that after crossing it

slowed up a little, and then suddenly started quickly with a jerk sufficient to throw standing passengers off their footing and against the seats. Sheeron's fall from the car was coincident with the sudden jerk and the accelerated speed of the car. This evidence, within the principle announced in the cases above cited, required the submission of the case to the jury, and the dismissal of the complaint was error.

BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Plaintiff's exceptions sustained and new trial granted, costs to abide the event.