ever stands in his shoes. The appellant argues that the trustee has no right to sue upon this claim. I fail to find adequate proof that the assignment to Mr. Douras was for the benefit of Connelly. The argument advanced is that, if the assignment to Mr. Douras was absolute, then his assignment to the trustee represented property acquired after the adjudication in bankruptcy. But the trustee does not make title merely by virtue of his office, but by this express assignment. The defendant has no legal interest, save that he may not be compelled to pay twice over. Sheridan v. The Mayor, 68 N. Y. 30; Stone v. Jenkins (Mass.) 4 Am. Bankr. Rep. 568, 57 N. E. 1002, 79 Am. St. Rep. 343. Now, the claim belongs either to Mr. Connelly, Mr. Douras, or to the trustee. But Mr. Douras could not sue in the face of his assignment and of the estoppel of his testimony that he had assigned all of his rights as plaintiff and to the claim. And Connelly could not be heard again, despite the recovery by his trustee, for the reason that, even if that recovery represented his own property, the court would undoubtedly hold that the present action was maintained by the consent of the bankrupt. Stone v. Jenkins, supra. In order to interpose any proper defense, the debtor, as was said in Mitander v. Sonneborn, 29 Hun, 407, might prove that the demand was still the property of the original creditor. But there was no attempt made to do this thing.

The judgment and orders should be affirmed, with costs. All concur.

---

(89 App. Div. 333.)

SHEERON v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILROADS—DEATH OF PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

In an action against a street railroad for the negligent killing of a passenger, evidence for plaintiff that a violent jerk and accompanying accelerated speed of the car threw decedent off while he was standing on the running board and holding on to the stanchions with both hands, and evidence for the defendant that he was seated in the body of the car, but under the influence of liquor, and voluntarily got up, and either jumped off the car or fell or was pushed off, require a submission of the case to the jury.

Appeal from Trial Term, Kings County.

Action by Alice Sheeron, administratrix of Francis Sheeron, deceased, against the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff for $5,012.20 and an order overruling a motion for a new trial, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Albert E. Lamb, for appellant.
Thomas F. Magner, for respondent.

HIRSCHBERG, J. The judgment recovered is for damages for the alleged negligent killing of the plaintiff's intestate. He was a passenger on the running board of one of the defendant's open trol-

ley cars, and was thrown or fell under the wheels of the car on Smith street, in the borough of Brooklyn, while the car was crossing Schermerhorn street. The issue tried before the jury was whether a violent jerk and accompanying accelerated speed of the car threw him off as he was standing upon the running board and holding on by the stanchions with both hands, as contended by the plaintiff, or whether, as contended by the defendant, he was seated in the body of the car, but under the influence of liquor, and voluntarily got up, and either jumped off the car or fell or was pushed off. On the first trial of the case the complaint was dismissed when the plaintiff rested, and exceptions were ordered to be heard at the Appellate Division in the first instance. The case as then presented was the same as that established by the plaintiff's evidence on this second trial, and indicated that the decedent boarded an overcrowded car, and rode on the running board, with his back to the body of the car, holding by the stanchions on either side. While crossing Schermerhorn street the car gave a sudden and violent jerk, which threw him off. We held that the evidence required a submission of the case to the jury. See Sheeron v. Coney Island & Brooklyn R. R. Co., 78 App. Div. 476, 79 N. Y. Supp. 752. In the opinion then written by Presiding Justice Goodrich the cases of Hassen v. Nassau Electric R. R. Co., 34 App. Div. 71, 53 N. Y. Supp. 1069, and Brainard v. Nassau Electric R. R. Co., 44 App. Div. 613, 61 N. Y. Supp. 74, were cited as authority for such submission. Referring to the fact that there was evidence tending to show that the jerk was sufficient to throw standing passengers off their footing and against the seats, and that the fall of the deceased from the car was coincident with the jerk and with the accelerated speed of the car then noticed, the court held that such evidence, within the principle of the authorities cited, required that the question of the negligence of the respective parties should be determined by the jury. The decision was in accordance with a long line of authorities, which hold that, where a common carrier accepts passengers upon the platforms or the running boards of overcrowded cars, there is an implied assurance that such places are reasonably safe, and a corresponding duty to so operate the cars as to maintain a condition of such safety. See McGrath v. Brooklyn, Q. C. & S. R. Co., 87 Hun, 310, 34 N. Y. Supp. 365; Francisco v. Troy & Lansingburgh R. R. Co., 88 Hun, 464, 466, 34 N. Y. Supp. 859; Wood v. Brooklyn City R. R. Co., 5 App. Div. 492, 38 N. Y. Supp. 1077; Miles v. King, 18 App. Div. 41, 45 N. Y. Supp. 379; Grotsch v. Steinway Ry. Co., 19 App. Div. 130, 45 N. Y. Supp. 1075; Schaefer v. Union Ry. Co., 29 App. Div. 261, 51 N. Y. Supp. 431; Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051; Henderson v. Nassau Electric R. R. Co., 46 App. Div. 280, 61 N. Y. Supp. 690; Lucas v. Metropolitan Street R. Co., 56 App. Div. 405, 67 N. Y. Supp. 833; Eberhardt v. Metropolitan Street R. Co., 69 App. Div. 560, 75 N. Y. Supp. 46; Clark v. Eighth Avenue R. Co., 36 N. Y. 135, 93 Am. Dec. 495; Sauter v. N. Y. C. & H. R. R. R. Co., 66 N. Y. 50, 23 Am. Rep. 18; Ginna, Adm'r, v. Second Avenue R. Co., 67 N. Y. 596; Nolan v. Brooklyn City & Newtown R. R. Co., 87 N. Y. 63, 41 Am. Rep. 345; Bartholomew v. N.

Y. & H. R. R. Co., 102 N. Y. 716, 7 N. E. 623; Graham v. Manhattan R. Co., 149 N. Y. 336, 43 N. E. 917.

The main contention of the learned counsel for the appellant on this appeal is that the verdict is against the weight of the evidence. To analyze the evidence would serve no necessary purpose. It embraces a sharply contested issue, which was peculiarly within the province of a jury to determine. While more witnesses were examined by the defendant than by the plaintiff, they are not in entire accord and harmony, and the conclusion reached by the jury seems abundantly supported both by express testimony and by surrounding circumstances. No exception is raised to any of the rulings of the learned trial court, and no valid ground appears for interference with the result. The judgment and order should be affirmed.