ROSEN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. STREET RAILWAYS—INJURY TO PASSENGER ON RUNNING BOARD—CONTRIBUTORY NEGLIGENCE.

A passenger on a street car, who, because it is crowded, stands on the running board, is guilty of contributory negligence; he having ridden on such board for several blocks without looking ahead, and being struck by the shaft of a wagon standing near the track, which the other passengers on the running board avoided by standing close to the car or getting between the seats.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Morris Rosen against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James L. Quackenbush, for appellant.

Feltenstein & Rosenstein, for respondent.

GILDERSLEEVE, J. This is one of the ordinary actions to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The only question presented is whether or not the plaintiff was in any way guilty of contributory negligence. Plaintiff was riding upon the running board of an open car, and while in this position was hit upon the leg by coming in contact with the shaft of a wagon which was standing alongside of the track. He had boarded an east-bound Grand street car at Third avenue. When he got on the car it was crowded, and he claims he was obliged to stand upon the running board if he desired to ride. It was about 6 p. m. in May, and was still light. The car was proceeding at its usual rate of speed, and the plaintiff testifies that he stood upon the running board for several blocks, looking inside the car, and did not see the wagon until he was struck. He did not look ahead of the car at all, and took not the slightest care to observe whether or not the car approached objects standing in the street in such proximity to the car as to make danger obvious. He elected to ride upon the running board, and in a place of danger, and while in such a position,

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1379.

voluntarily assumed, was injured. The wagon was in plain view, and other passengers also standing upon the same running board, by the exercise of ordinary care, stood close to the car or stepped between the seats as the car passed the wagon, and thereby escaped injury. The plaintiff did not see the wagon until hit by the shaft. In the case of Henderson v. Nassau Electric Ry. Co., 46 App. Div. 280, 61 N. Y. Supp. 690, "the defendant started the car before the passenger had an opportunity to see if there was a place which he might occupy in the body of it." In the case at bar the plaintiff had no right to delay for several blocks the taking of at least reasonable care and precaution to avoid the danger incident to his position.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.