### GLASSBERG v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 21, 1905.)

CARRIERS—NEGLIGENCE—ACTION—EVIDENCE—SUFFICIENCY.

> Where an open street car, which was on fire, came to such a sudden stop as to hurl a passenger to the pavement, in an action for the injuries it was error to direct a nonsuit on evidence showing such facts, since, if the motorman stopped the car, his conduct was plainly negligent, and if the fire caused the sudden stoppage the burden was on defendant to explain the cause of the accident.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob H. Glassberg against the Interurban Street Railway Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

R. Marks, for appellant.
William E. Weaver, for respondent.

O'GORMAN, J. Plaintiff's daughter boarded an open north-bound car operated by the defendant at Astor Place, and rode up-town as far as Ninety-First street on Madison avenue. She was seated on the east end of the fourth seat from the rear. When the car reached Ninety-First street she discovered that the car was on fire, particularly on the left side, about two rows of seats in front of her. The car was running fast, and proceeded for some distance to Ninety-Second street, where it came to a sudden stop with a violent jerk, which threw the young woman from her seat in the car to the street. The flames were not extinguished until the car stopped. To nonsuit the plaintiff upon this evidence was error. If this car was stopped by the motorman with a jerk so violent as to hurl a passenger from her seat to the pavement, the occurrence was plainly the result of his improper application of the motive pow-er. Hassen v. Nassau R. R., 34 App. Div. 71, 53 N. Y. Supp. 1069; Dochtermann v. Brooklyn Heights R. R., 32 App. Div. 13, 52 N. Y. Supp. 1051. If the car came to a stop because of the fire which en-veloped the car, the burden was upon the defendant of explaining the accident so as to relieve itself from liability. Clarke v. Railroad, 9 App. Div. 51, 41 N. Y. Supp. 78; Seybolt v. Road, 95 N. Y. 562, 47 Am. Rep. 75.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.