WILLIAM T. JACKMAN, Respondent, v. CHARLES VANDERBILT and Others, Copartners Doing Business under the Firm Name and Style of CHARLES VANDER-BILT & SONS, Appellants, and EDWARD TIGHE, Defendant.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs, upon authority of *Jackman* v. *Vanderbilt* (*ante*, p. 717), decided herewith. In view of this disposition of the case, the appeal from the order denying motion for a new trial is dismissed. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Rich, J., dissents and votes to affirm.

JOSEPH A. LEDOGAR and MICHAEL HOWLEY, Appellants, v. MICHAEL CHAPOTA, Respondent.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellants to abide the event. There were facts indicating that plaintiffs were the procuring cause of the sale of the property to one Linten, and those facts should have been submitted to the jury. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

HENRY T. MARTIN, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.*— Judgment and order affirmed, with costs. We affirm because (a) of the form of the questions; (b) the inquiry reached into a collateral field which would evoke testimony as to what different parts of the car others were in, whether or not they had hold of stanchions or were set for a jar, whether they were seated or standing, whether they had knowledge of the curve and its possible effect, etc., thus placing the inquiry in the realm of collateral matters, the range of which is properly governed by the trial court's discretion; (c) the ruling was not prejudicial, in view of the other testimony in the case, especially since plaintiff has had a verdict on two trials upon substantially the same evidence; (d) of section 106 of the Civil Practice Act, which requires the disregard of error where it does not affect substantial justice. Lazansky, P. J., Rich, Young and Carswell, JJ., concur; Hagarty, J., dissents and votes for reversal and a new trial, with the following memorandum: I am of opinion that, under the defendant's theory in this case, the court erred in refusing to admit testimony of the effect of the lurch of the car upon other passengers. The court limited the testimony, ruling that the question was " What was the speed and what did it do to this man, not what it did to somebody else." Counsel for the defendant then asked, " Does not your Honor think that the action of the car in going around this curve, the result of that action on other passengers in the car would have some effect? " To this the court replied, " I do not think so. I will give you an exception to my ruling." (Folios 137–139.) This was erroneous. (*Sheeron* v. *Coney Island & Brooklyn R. R. Co.*, 78 App. Div. 476.)